Argued and submitted October 15, 1979,
affirmed January 21, 1980

STATE OF OREGON,
*Respondent,*
*v.*
LARRY MEIKLE,
*Appellant.*

(No. T77-4293, CA 14917)

605 P2d 301

Roderick L. Johnson, Corvallis, argued the cause for appellant. With him on the brief was Thomas & Johnson, Corvallis.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were James A. Redden, Attorney General, Walter L. Barrie, Solicitor General, and Michael J. Francis, Certified Law Student, Salem.

Before Tanzer, Presiding Judge, and Thornton and Campbell, Judges.

TANZER, P. J.

**TANZER, P. J.**

Defendant appeals his conviction for driving under the influence of intoxicants (DUII) in violation of ORS 487.540. He assigns as error the denial of his motion to dismiss and contends that the passage of almost two years from the arrest and complaint to his trial violated the right to a speedy trial guaranteed him by Art I, § 10 of the Oregon Constitution, the Sixth Amendment to the federal constitution and ORS 135.747. We uphold the lower court's ruling that defendant was not denied a speedy trial, and affirm the judgment.

The defendant was arrested and the complaint was issued on June 26, 1977. Trial was set for December 7. One month before the trial date, defendant moved to suppress evidence and to continue trial until after the suppression ruling. The continuance was granted, and the suppression hearing was held January 24, 1978. On February 9 the presiding judge of the district court issued a blanket order to continue all pending DUII cases in which the state intended to offer evidence of a .10 percent or greater breathalyzer reading. Believing ORS 487.540(1)(a) and ORS 487.545, statutes pertaining to driving with certain levels of alcohol in the bloodstream, were unconstitutional, the judge had refused to give jury instructions in DUII cases regarding these statutes.

Upon the application of the district attorney, the circuit court issued an alternative writ of mandamus ordering the district judge to give instructions based on the DUII statutes. In reaction to that order, the district judge ordered all cases affected by the mandate continued until a court of review decided on the constitutionality of the statutes in question. This is one of those cases.

Nothing further happened in this case until May 11, 1979, when trial was set for June 25, 1979. On June 5, 1979, defendant filed a motion to dismiss for lack of speedy trial. At the hearing on the motion, he

offered largely identical affidavits of five witnesses who alleged that they had observed defendant either during his arrest or shortly afterward and that they had not believed him to be intoxicated. They further alleged that the passage of time made them unable to remember the observations upon which their opinions were based. One affiant added that the whereabouts of a sixth witness who had been willing to testify in defendant's behalf had become unknown during the delay. The trial judge denied defendant's motion and trial was held June 25, 1979, one day short of two years after the complaint. Defendant did not call any of the five witnesses at trial. He was convicted and this appeal followed.

A speedy trial claim is analyzed by weighing four factors: the length of the delay, the reason for the delay, defendant's assertion of his speedy trial right, and the prejudicial effect of the delay. *Barker v. Wingo,* 407 US 514, 92 S Ct 2182, 33 L Ed 2d 101 (1972); *State v. Ivory,* 278 Or 499, 564 P2d 1039 (1977).

## 1. *Length of Delay*

There must be a passage of time that is presumptively prejudicial before the necessity to inquire into the other factors arises. The parties agree that two years from charge to trial is sufficiently long to trigger the inquiry.

## 2. *Reason for Delay*

Defendant sought the initial delay. His motion to suppress necessitated the scheduling of a hearing after the original trial date. The remainder of the delay, 16 months, was the result of state action.

Typically, delay by the state is attributable to the prosecution. In this case, however, the delay was due to the blanket continuance ordered by the district court judge. The delay is no less state action than if the prosecutor's office had caused the delay, because judicial action is governmental action. *State v. Rathbun,* 287 Or 421, 600 P2d 392 (1979). Unlike a prosecutor,

however, a court is not an adversary to a defendant and a delay by the court is not necessarily for purposes which are adverse to defendant's interest. The judicial task is to impartially, fairly and expeditiously resolve the dispute between the parties. Moreover, the judiciary's responsibility to safeguard the rights of the parties at times may of necessity override the effectuation of expeditious administration of justice. *State v. Koennecke,* 29 Or App 637, 565 P2d 376 *rev den* (1977). Consideration of a court's attention to this responsibility must be taken into account when assessing the weight to be given the reason for the delay.

We express no opinion on the regularity or wisdom of the presiding judge's action, but we recognize that the order was not merely benign; it was intended to protect the interests of this defendant and others. The legal issue would likely have arisen in defendant's case. The order was designed to spare him and others the expense and effort of possibly erroneous convictions and unnecessary appeals. As the judge stated at the hearing on defendant's motion to dismiss for lack of speedy trial, the continuance had been ordered "out of the court's concern for the Constitutional rights of [the defendant]," or, at least, one of them. Therefore, although the bulk of the delay is attributable to the state, the fact that the continuance was intended to benefit defendant saves this factor from weighing against it. We conclude that under circumstances such as these where a delay in a case is caused by a judicially imposed blanket order pending the resolution of a legal issue which is likely to arise in the trial or appeal of that case, the reason for the delay does not benefit the defendant in the weighing process.

### 3. *Assertion of Speedy Trial Right*

The purpose of the right to speedy trial is to secure speedy trials; it is not to secure dismissals. Thus a defendant is responsible to do more than endure the passage of sufficient time before moving to dismiss. If he desires a speedy trial, it is his responsibility to

assert his speedy trial right. Failure to assert it does not waive it, but silence weighs against him. The extent to which a defendant complains he was being deprived of his right is to be given weight in determining whether defendant's speedy trial right was violated. *State v. Robinson,* 39 Or App 619, 622 n 2, 593 P2d 1179 *rev den* (1979).

This defendant asserted his right only after a trial date was set, 22 months after the complaint. One who is concerned about the dissipation of the defense may be expected to act promptly to safeguard his right to a fair trial, rather than to wait and hope for a dismissal. Here, defendant's assertion was not prompt. Indeed, it is clear that defendant sought a late dismissal, not a speedy trial. Therefore this factor weighs against him.

### 4. *Prejudice to Defendant*

We presume from the passage of time itself that defendant was prejudiced to some degree by the loss of memory on the part of his witnesses and the disappearance of another witness. *Barker v. Wingo,* 497 US at 432. There is nothing in the record, however, to show the extent of such prejudice other than the bare assertions in his witnesses' affidavits that they could no longer remember the observations for their belief that defendant had been sober, and that a sixth witness who had disappeared would have testified in his behalf. Prejudice can "be better gauged" after trial than before, *United States v. MacDonald,* 435 US 850, 859, 98 S Ct 1547, 56 L Ed 2d 18 (1978), but here the purported witnesses to defendant's sobriety were not called for examination at trial or hearing. Defendant's failure to call his alleged witnesses or allow them to be cross-examined is not conclusive, but it precludes a critical examination into the extent of the prejudice. We are reluctant to conclude that the extent of their memory loss, and the amount of damage suffered by defendant in the presentation of his case is substantial in the absence of better evidence. Therefore we do not accord this factor much weight in defendant's favor.

[96]

Having applied the factors of the *Barker v. Wingo* ■
test to this case, we conclude that defendant's speedy
trial right was not violated by the delay.

Affirmed.