Argued and submitted February 22,
reversed and remanded June 2, 1980

STATE OF OREGON,
*Appellant,*
*v.*
LYNETTA A. JONES,
*Respondent.*

(No. C 78-07-11610, CA 15268)

611 P2d 1200

Christian W. Van Dyke, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Stephen F. Crew, Metropolitan Public Defender, Portland, argued the cause and submitted the brief for respondent.

Before Schwab, Chief Judge, and Thornton and Campbell, Judges.

CAMPBELL, J.

## CAMPBELL, J.

The state appeals from the trial court's order granting defendant's motion to dismiss on the ground that defendant was denied her right to a speedy trial. We reverse and remand.

On July 24 and 25, 1978, defendant was charged in two secret indictments with two counts of perjury, ORS 162.065, and one count of theft in the first degree, ORS 164.055. The theft and one count of perjury were alleged to have occurred on November 7, 1977, and the other count of perjury allegedly occurred on February 3, 1978. Defendant was arrested on February 7, 1979. On May 2, 1979, the state, with no objection by defendant, successfully moved to consolidate the two cases, which arose out of the same transaction. On May 3, 1979, defendant was secretly reindicted on one count of unlawfully obtaining public assistance, ORS 411.630, and two counts of perjury. Since the new indictment charged the same acts as the previous indictments, on May 4, 1979, the trial court, on the state's motion, dismissed the old charges. Trial was set for June 8, 1979. On June 5, 1979, the trial court granted defendant's motion to continue the trial until June 13 to locate a witness. Defendant filed her motion to dismiss for preindictment and postindictment delay on June 7, 1979. The hearing on the matter was held July 9, 1979, at which time the trial court granted defendant's motion.

Although defendant's motion to dismiss cited both pre- and postindictment delay, on appeal the parties have briefed the case as one involving only postindictment delay. We will, therefore, limit our attention to that issue.

In determining whether defendant's right to a speedy trial[1] has been violated, we balance the following factors: (1) length of the delay; (2) reasons for the delay; (3) defendant's assertion of the right; and (4)

[1] U S Const., Amend VI, XIV; Or Const, Art I, § 10.

prejudice to the defendant. *Barker v. Wingo,* 407 US 514, 92 S Ct 2182, 33 L Ed 2d 101 (1972); *State v. Ivory,* 278 Or 499, 564 P2d 1039 (1977).

## *Length of Delay*

The only cognizable delay here was that delay between the time of the first indictment to the time of arrest, approximately six and one-half months. As will be seen, the prejudice here complained of is the inability to find a witness. This asserted prejudice arises from the fact that the prearrest delay prevented defendant from knowing she might need the witness and, consequently, she lost track of him. Once arrested, however, defendant knew she would need the witness. The subsequent redrafting of the indictment had no impact on defendant's search for the witness. Thus the postarrest period is not properly included in the calculation of the delay.

Nevertheless, we conclude that the postindictment, prearrest period of six and one-half months is sufficient to trigger analysis of the other factors.

## *Reasons for Delay*

The state attempts to justify the six and one-half month delay by citing defendant's two changes of address during the period and the consequent difficulty encountered by police in locating defendant. During this time, however, defendant was receiving assistance benefits from Adult and Family Services Division. The state admits that "It is apparent from the record that the police might have been able to arrest defendant more quickly had they attempted to determine her whereabouts through the Adult and Family Services Division."[2] Under similar circumstances in *State v. Ivory, supra,* the court held that the state's negligence in failing to pursue "easily available avenues of investigation" to locate the defendant weighs against the state, albeit not so heavily as an intentionally caused delay.

---

[2] *See* ORS 411.300; 411.320; OAR 461-08-070(2).

## Defendant's Assertion of Right

The state argues that defendant's assertion by motion of her right to speedy trial, made after the trial date had been set and after her request for a continuance, was not sufficient. In *State v. Meikle,* 44 Or App 91, 605 P2d 301 (1980), the court concluded that the defendant's failure to assert her right until 22 months after arrest and issuance of the complaint, after a trial date was set, weighed against the defendant. Here, however, defendant was unaware of the secret indictments and could not have asserted her right during the period between indictment and arrest. Thus, defendant delayed at most four months in asserting her right, during which time she unsuccessfully attempted to locate a defense witness. The motion to dismiss was filed the day before the date originally set for trial. We conclude that defendant's assertion of the right to speedy trial was sufficient.

## Prejudice

Defendant contends that she has been prejudiced because of the unavailability of a witness, Geary Lockett, due to the length of the delay. The state argues that Lockett's unavailability is not due to the delay and, further, is not prejudicial because his testimony would be inadmissible hearsay and immaterial. We address only the first contention.

The state argues that the delay did not prejudice defendant's ability to locate Lockett, since there is no showing she ever knew where to find him after November 1977. Defendant testified at the hearing that she thinks she saw Lockett in early 1978.

Had defendant's arrest promptly followed her indictment, she would have known in late July or early August 1978 of the need for seeking witnesses and preserving evidence. The state's postindictment, prearrest delay denied defendant this opportunity for approximately six and one-half months. Defendant first attempted to locate Lockett in late April 1979. An

investigator with the Public Defender testified that he found a Department of Motor Vehicles listing for Lockett but that further search showed that Lockett no longer lived at the address given. Other avenues of investigation were fruitless.

It is evident that at the time of the indictment defendant had not seen the witness for several months. Defendant has not presented evidence to suggest that even in the absence of any delay it was probable the witness could have been found, and thus has failed to show a "reasonable possibility of prejudice" due to the delay. *State v. Ivory, supra,* 278 Or at 508.

Reversed and remanded.