Argued and submitted April 29, affirmed July 27, 1981

STATE OF OREGON,
*Respondent,*
*v.*
VICTOR T. VANCE,
*Appellant.*

(Nos. L-14650, L-13331, CA 18940)

631 P2d 843

Donald R. Wilson, Portland, argued the cause for appellant. With him on the brief was Pozzi, Wilson, Atchison, Kahn & O'Leary, Portland.

Richard David Wasserman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, John R. McCulloch, Jr., Solicitor General and William F. Gary, Deputy Solicitor General, Salem.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

YOUNG, J.

**YOUNG, J.**

Defendant appeals two traffic infraction convictions, Driving While Under the Influence of Intoxicants, ORS 487.540, and Possession of an Open Liquor Container in a Vehicle on a Highway. ORS 487.841.[1] Traffic citations were issued, following a traffic accident, on November 23, 1979. Trial was before the court, sitting without a jury, on September 5, 1980.

On appeal, defendant asserts five assignments of error:

(1) The trial court erred in denying defendant's motion to dismiss the citation charging "open alcoholic container" made on the ground that the state's failure either to produce or preserve the container deprived the defendant of due process and statutory discovery rights. ORS 135.815(4)(b).

(2) The trial court abused its discretion in permitting three witnesses for the state to testify when the state failed to disclose prior to trial the witnesses' names and addresses pursuant to a pretrial discovery demand. ORS 135.815 and ORS 135.825.

(3) Defendant was denied his constitutional right to a speedy trial.

---

[1] ORS 487.540(1)(b), and (2) provides:

"(1) A person commits the offense of driving while under the influence of intoxicants if the person drives a vehicle while the person:

"* * * * *

"(b) Is under the influence of intoxicating liquor or a controlled substance; * * *

"* * * * *

"(2) Driving while under the influence of intoxicants is a Class A traffic infraction."

ORS 487.841 provides:

"No person shall have in his possession on his person, while in a motor vehicle upon a highway, any bottle, can, or other receptacle containing any alcoholic liquor, which has been opened, or a seal broken, or the contents of which have been partially removed.

"(2) A person who violates this section commits a Class B traffic infraction."

(4) The evidence was insufficient, as a matter of law, to support a finding of guilty on both charges.

(5) The trial court erred in denying the defendant's motion to dismiss the citation for the offense of "open alcoholic container" on the ground that the citation failed to allege a violation of ORS 487.841. We affirm.

We address the issues in turn. Defendant was involved in an automobile accident. When the police seized a vodka bottle from defendant's car, the seal was broken and some of the contents were gone. Before trial, defendant demanded discovery of "any * * * tangible objects which the state intends to offer in evidence at trial or which were obtained from or belonged to defendant." Demand was pursuant to ORS 135.815(4)(b).[2] The bottle was not produced. At trial, defendant moved to dismiss the citation charging "open alcoholic container" due to the state's failure to produce or preserve the bottle on the ground that defendant's due process rights were violated under *Brady v. Maryland,* 373 US 83, 83 S Ct 1194, 10 L Ed 2d 215 (1963), and on the additional ground that defendant was deprived of his statutory discovery rights.

A person who violates the open container statute commits a Class B traffic infraction. ORS 487.841(2). It is not classified as a "major traffic offense." ORS 484.010(5). The only sanction that can be imposed for the commission of a Class B traffic infraction is a fine. ORS 484.360(1). If a person fails to pay a fine, his driver's license may be suspended. ORS 484.415.

A Class B traffic infraction is tried to the court without a jury. ORS 484.375(1). The state's burden of proof

---

[2] ORS 135.815(4)(b) provides:

"Except as otherwise provided in ORS 135.855 and 135.873, the district attorney shall disclose to the defendant the following material and information within his possession or control:

"* * * * *

"(4) Any books, papers, documents, photographs or tangible objects:

"* * * * *

"(b) Which were obtained from or belong to the defendant.

"* * * * *."

is by a preponderance of the evidence. ORS 484.375(2). Class B traffic infractions cannot be prosecuted as Class A misdemeanors under ORS 484.365. A person charged with an open container violation may waive the right to a hearing and pay the fine. ORS 484.190. The legislative scheme is clear. The offense as well as the procedure has been decriminalized. *Brown v. Multnomah County Dist. Ct.,* 280 Or 95, 570 P2d 52 (1977); *State v. Walter,* 36 Or App 303, 584 P2d 356 (1978), *rev den* (1979); *State v. Riggs,* 35 Or App 571, 582 P2d 457 (1978), *rev den* (1979).

■ We hold that prosecutions under ORS 487.841 are not criminal prosecutions, and so the due process guarantees of the Fourteenth Amendment to the United States Constitution do not apply. Consequently, defendant had no due process discovery rights under *Brady v. Maryland, supra.*

■■ The statutory right to pretrial discovery applies to traffic infraction cases. ORS 484.375(3). Weeks prior to trial, defendant had demanded statutory discovery. The parties agree the bottle was a "tangible object" which was "obtained from or belong[ed] to the defendant." The state did not produce and we assume failed to preserve the bottle. Discovery demands are not to be taken lightly. The trial judge has available a variety of sanctions when discovery demands are not complied with. ORS 135.865. However, before a sanction is appropriate for failure to disclose evidence subject to pretrial discovery, the defendant must show some resulting prejudice in preparation of the case for trial. *State v. King,* 30 Or App 223, 230, 566 P2d 1204 (1977). Defendant does not point to any prejudice in his pretrial preparation, and we have found none. Further, it is apparent from opening statements that the defendant knew the partially full bottle contained vodka and that the seal was broken. We hold that the trial court did not err in denying the motion to dismiss the "open alcoholic container" citation upon either constitutional or statutory grounds.

■ Defendant next contends that the trial judge abused her discretion in permitting three witnesses for the state to testify over defendant's objections.

Defendant sought pretrial discovery of the names and addresses of potential state witnesses and their statements, if any. The state failed to comply and admits a violation of ORS 135.815. The state called as witnesses the driver of the other vehicle involved in the collision and two police officers who investigated the accident.[3] Defendant had, prior to trial, the police and accident reports which contained the names, but not addresses, of the witnesses.

An obvious objective of pretrial discovery is to minimize surprise. Arguably, at trial some prejudice could be expected to follow surprise. *State v. King,* 30 Or App 223, 229, 566 P2d 1204 (1977). In the present case, the defendant does not claim surprise. Rather, we understand the defendant's position to be that because the state failed to comply with the discovery statute, ORS 135.815, the trial judge should have imposed the sanction of excluding testimony. ORS 135.865. In *King,* the court rejected a similar argument in stating:

"* * * [D]efense counsel had access to police reports that stated the names of the residents of the burglarized premises. However, for some reason, the prosecution failed to serve formal notice that it intended to call one of the residents. Genuine surprise, if any, resulting from this omission had to be minimal. It takes little imagination for defense counsel to anticipate that the residents of burglarized premises will be called as witnesses in a burglary trial. The record does not disclose a claim of actual surprise." 30 Or App at 229.

Defendant does not suggest what he would have done differently had he received a separate statement reporting names and addresses of potential witnesses. He does not argue that he was misled. Absent some surprise or some discernable prejudice, we cannot say that noncompliance with the discovery statute required the trial judge to exclude the testimony. We hold the trial judge did not abuse her discretion in permitting the testimony of the three witnesses. In reaching this result, we do not condone the state's failure to comply with the law. The state's

---

[3] One of the officers had made notes of his investigation but did not have them at trial. The trial judge interrupted the officer's testimony to permit him to obtain his notes and then return to the witness stand. The notes were clearly within defendant's discovery demand.

inaction in this case did nothing to further judicial efficiency.

Defendant's third assignment of error is the denial of his constitutional right to a speedy trial. He moved to dismiss both charges.[4] Some factual background is helpful for the analysis of this issue. The citations were issued November 23, 1979. The first trial, set for February 29, 1980, was postponed at defendant's request to complete discovery. The case was reset for March 31, 1980. The parties were ready and present for trial. We understand from the record that the trial judge assigned to the case, because of time limitations, could not proceed on the date set. The trial was reset a third time for June 11, 1980. The parties were present, but trial was postponed at the district attorney's request because of a parade. Trial was reset again for August 26. At call on August 25, defendant appeared with his witnesses but the state was not ready due to a labor strike. The judge then concluded that the case should be reset for the following day to consider a motion to dismiss. On August 26, 1980, the trial judge who finally tried the case denied defendant's motion to dismiss for lack of speedy trial. At that hearing the district attorney was ready for trial. Defendant understood the August 26 proceeding only concerned the motion to dismiss and consequently did not have either the defendant or his witnesses present. Finally, the case was tried September 5, 1980. As we read the record, three trial judges at some stage were involved in the case. Roughly nine months passed between issuance of citations and trial. We add to the foregoing the fact that the state, during this time period, neglected defendant's discovery request.

■    A speedy trial claim, based on the federal and Oregon constitutional provisions, is analyzed by weighing the four factors enunicated in *Barker v. Wingo,* 407 US 514, 92 S Ct 2182, 33 L Ed 2d 101 (1972). Oregon has adopted the *Barker* analysis. *Haynes v. Burks,* 290 Or 75, 619 P2d 632 (1980); *State v. Ivory,* 278 Or 499, 564 P2d 1039 (1979).

■    The four factors are: the length of the delay, the reason for the delay, defendant's assertion of his speedy

---

[4] US Const, Amend VI; Or Const, Art I, § 10. Neither party argues whether these constitutional provisions apply to a "decriminalized" traffic charge.

trial right and the prejudicial effect of the delay. The state concedes the first three factors but contends the fourth factor, prejudice, has not been shown. Defendant asserts that delay can cause memories of witnesses to fade. We agree. The difficulty is that there is nothing in the record indicating that any of the defense witnesses' memories were diminished by the delay. *See State v. Meikle,* 44 Or App 91, 96, 605 P2d 301 (1980). We have reviewed the record, keeping in mind the retrospective analysis discussed in *Haynes v. Burks, supra.* Defendant has shown no prejudice and we have found none.

■ Defendant's next assignment is that the evidence was insufficient, as a matter of law, to support a finding of guilt on both charges. The evidence relevant to the DUII charge is viewed here in the light most favorable to the state. The Class B traffic infraction, where the defendant is not entitled to a jury, is reviewed *de novo.* ORS 484.405(2) and ORS 46.340(4).

■ There was ample evidence to prove the charge of driving while under the influence of intoxicants, ORS 487.540(1)(b), beyond a reasonable doubt. There was convincing evidence that the defendant failed the field sobriety tests. The driver of the other vehicle testified that defendant was in the wrong lane of traffic. Defendant argues that his blood alcohol content of .08 percent is some evidence that he was not under the influence. It is also some evidence of intoxication. ORS 487.545. We conclude that a rational trier of fact could have found from the evidence all the necessary elements of the charge beyond a reasonable doubt. *Jackson v. Virginia,* 443 US 307, 99 S Ct 2781, 61 L Ed 2d 560 (1979).

■ The charge of "open alcoholic container," ORS 487.841, is proven by a preponderance of the evidence. ORS 484.375(2). Defendant admitted that he knew that a partially full bottle was on the back seat of his car. One of the officers testified that he saw the bottle in the car and seized it. The state carried its burden of proof.

■ Defendant's fifth and last assignment is that the citation, by alleging "open alcoholic container," does not charge a violation of ORS 487.841. The statute prohibits having an open container containing alcoholic liquor in a

vehicle. Defendant argues the citation is defective because there is no allegation that the container, in fact, held alcohol.

ORS 484.170(1)(b) describes the required specificity of allegations charging traffic offenses:

"(1)   Except as provided in this section, a complaint in a traffic offense is sufficient if it contains the following:
"* * * * *

"(b)   A statement or designation of the offense in such manner as can be readily understood by a person making a reasonable effort to do so and the date, time and place at which the offense is alleged to have occurred.
"* * * * *."

In *State v. Waggoner,* 228 Or 334, 337, 365 P2d 291 (1961), the court said:

"It is readily apparent that the legislature intended to make traffic complaints effective even though a person defending against one might have to make some reasonable inquiry of the arresting officer or of some other person in order to know exactly what offense is charged. The statute creating the uniform citation leaves no doubt that a motorist may be called upon to answer a complaint drawn with a minimum of formality."

The allegation in the uniform traffic citation meets the standard of specificity, and the trial court properly denied defendant's motion to dismiss the citation.

Affirmed.