Argued and submitted May 15, reversed and
remanded for trial December 1, 1981

## STATE OF OREGON,
*Appellant,*

*v.*

## HARLEY GUY LANTZ,
*Respondent.*

(No. 33105, CA 19316)

637 P2d 160

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Robert S. Gardner, Corvallis, argued the cause for respondent. On the brief were J. Britton Conroy, and Ringo, Walton, Eves & Gardner, P.C., Corvallis.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

WARDEN, J.

**WARDEN, J.**

The state appeals a pretrial order dismissing an indictment for lack of speedy trial. We reverse and remand for trial.

On November 18, 1977, defendant was indicted for sodomy in the first degree. Trial was initially set for April 11, 1978, but due to motions brought by both the state and defendant, the case was reset and was tried on June 21, 1978. The jury found defendant guilty as charged. On September 25, 1978, defendant's motion for a new trial was granted, because one of the state's witnesses had perjured herself during trial.

On January 31, 1979, defendant requested a pretrial ruling declaring the witness who perjured herself in the first trial incompetent to testify in the second trial. Defendant also moved for a ruling that evidence of the complainant's prior sexual conduct was admissible. Both motions were granted by the trial court. The state moved to dismiss the indictment against defendant and, on April 6, 1979, appealed the resulting order to dismiss.

On February 25, 1980, we issued an opinion reversing the orders disqualifying the witness and dismissing the indictment and affirming the order admitting the evidence of prior sexual conduct. *State v. Lantz,* 44 Or App 695, 607 P2d 197, *rev den* 289 Or 275 (1980). The mandate was entered on July 24, 1980. On October 15, 1980, the trial court granted defendant's motion to dismiss for lack of speedy trial.

■ In determining whether defendant's right to a speedy trial has been violated, we balance the following factors: (1) length of the delay; (2) reasons for the delay; (3) defendant's assertion of the right; and (4) prejudice to the defendant. *Barker v. Wingo,* 407 US 514, 530, 92 S Ct 2182, 33 L Ed 2d 101 (1972); *State v. Ivory,* 278 Or 499, 501, 564 P2d 1039 (1977).

### LENGTH OF DELAY

■ The length of the trial delay does not alone decide the case. A delay of approximately three years is sufficient, however, to trigger the requirement of further inquiry. *State v. Jenkins,* 29 Or App 751, 755, 565 P2d 758 (1977).

## REASON FOR DELAY

■ The cause of the delay must, in part, be attributed to defendant's motion for a new trial[1] and subsequent pretrial motions which consumed the first 16 months. Defendant cannot take advantage of delays caused by his own defense tactics, whether or not the delays were justified. *State v. Jenkins, supra,* 29 Or App at 756; *see* ORS 135.747.

Defendant contends the remaining delay of 15 months was caused by the state's taking an improper appeal. We disposed of that contention by denying his motion to dismiss the state's appeal in *State v. Lantz, supra.*

## ASSERTION OF RIGHT

■ Defendant did not assert his right to speedy trial until 34 months after the original indictment. In *State v. Meikle,* 44 Or App 91, 605 P2d 301 (1980), the court concluded that the defendant's failure to assert her right until 22 months after issuance of the complaint weighed against her. Here, however, defendant had no reason to assert his right until the state appealed the pretrial order of dismissal. Thus, defendant delayed at most 15 months pending the outcome of the appeal. It was not unreasonable for defendant to postpone his assertion of a right to speedy trial until the results of the appeal were known, especially in light of the fact that defendant filed a motion to dismiss the appeal, thereby establishing that he did not acquiesce in the state's delay. By the same token, it was not unreasonable for the state not to bring defendant to trial, inasmuch as it was unable to do so, while the appeal was pending.

## PREJUDICE TO DEFENDANT

The controlling issue in this case is whether the delay resulted in the possibility of prejudice to defendant. Counsel for defendant testified that an investigator had been unable to locate two alibi witnesses who had previously testified that defendant was in their company on Sunday, November 6, 1977. The state argues that there was no prejudice to defendant because the complaining witness

---

[1] Defendant does not contend that the state was in any way responsible for the delay caused by the perjury of the state's witness, thereby necessitating a new trial.

will testify that the alleged attack occurred on Saturday, November 5, 1977, although she originally believed it had occurred on Sunday, November 6, 1977. The state is willing to stipulate that defendant was in the company of the two missing witnesses on Sunday, November 6, 1977. The state also is willing to admit the prior testimony of the two witnesses taken at the first trial into evidence at the second trial to prove defendant was in their company. Defendant argues, however, that he is entitled to prove his alibi with live witnesses who can establish their reliability in front of the jury.

■■ In cases where inquiry into impairment of the defense is necessary, it is sufficient to show only a reasonable possibility of prejudice. *State v. Ivory, supra,* 278 Or at 508. Although the missing witnesses' testimony may be material to the case, the state's offer to stipulate negates the possibility of prejudice to defendant. With such a stipulation, the jury is bound to take as true the fact that defendant was in the company of the witnesses on Sunday, November 6, 1977. No other evidence need be presented. *See State v. Langlois,* 54 Or App 452, 635 P2d 653 (1981) (no prejudice from fact that alibi witnesses were not available for trial 33 months after indictment). Under the circumstances of this case, we conclude that defendant did not make a showing of a reasonable possibility of prejudice. Defendant's motion for dismissal for lack of speedy trial should have been denied.

Reversed and remanded for trial.