## STATE OF OREGON,
*Respondent,*

*v.*

## TERRY EDWARD HALE,
*Appellant.*

(21-777; CA A35393)

721 P2d 887

Jack E. Collier, Portland, argued the cause and filed the brief for appellant.

Terry Ann Leggert, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

Van Hoomissen, J., dissenting.

## YOUNG, J.

Defendant appeals a conviction for driving while under the influence (DUII). *Former* ORS 487.540 (now ORS 813.010). The dispositive issue is whether the trial court erred in denying his motion to dismiss for lack of a speedy trial under Article I, section 10, of the Oregon Constitution.[1] We reverse.

On March 7, 1982, after a single vehicle accident, defendant was issued a citation for DUII. On April 15, 1982, he was arraigned in the Tillamook County Justice Court. The next day, defendant elected to transfer the case to circuit court. About one year after arraignment, the district attorney offered defendant a diversion option. *See* ORS 813.200 - .270. Defendant rejected diversion, and his attorney informed the district attorney that "the time already passed involved an unreasonable delay." The state took no further action and the case remained in limbo until the circuit court notified defendant of a pre-trial conference set for January 28, 1985. Defendant appeared and moved to dismiss for lack of speedy trial; the motion was denied. On March 6, 1985, a jury found defendant guilty of DUII.

Article I, section 10, mandates that "justice shall be administered * * * without delay." *State v. Dykast,* 300 Or 368, 377, 712 P2d 79 (1985), makes it clear that the appropriate analytical formula contains three factors: the length of delay, the reason for the delay and prejudice to the defendant.[2] *Haynes v. Burks,* 290 Or 75, 81, 619 P2d 632 (1980), explains:

> "The point of the formula is that all relevant criteria be examined and none overlooked or ignored. *State v. Ivory* [, 278 Or 499, 505, 564 P2d 1039 (1977)]. The proper disposition in the individual case is not a question of addition and subtraction but of examining the relevance of each element in giving effect to the constitutional guarantee."

In the present case, the length of delay is three years; the citation issued in March, 1982, and the trial was in March,

---

[1] The motion to dismiss was also based on the Sixth Amendment. Defendant does not renew that ground on appeal.

[2] A speedy trial analysis under the Sixth Amendment includes a fourth factor, *i.e.,* whether the defendant asserted a right to a speedy trial. *Barker v. Wingo,* 407 US 514, 92 S Ct 2182, 33 L Ed 2d 101 (1972).

1985. That is too long a time for a defendant to wait for a trial in a DUII case.[3]

With respect to the reason for the delay, the only explanation offered by the state is a crowded trial docket. The ultimate responsibility for a crowded trial docket must rest with the state and not the defendant. Moreover, that explanation pales in the light of the evidence to the effect that other cases, criminal and civil, were initiated after defendant was cited and were resolved before defendant's case came to trial. The state has made no showing to justify the delay.

■    The last factor is prejudice to a defendant. Generally, three types of prejudice are delineated: (1) oppressive pre-trial incarceration, (2) anxiety and (3) impairment of the ability to defend. *State v. Dykast, supra,* 300 Or at 378. Defendant claims to have suffered the second type of prejudice. He stated that he was "greatly concerned and worried about the outcome of this matter, because [he drives] professionally for a living."[4] Although personal prejudice will be to some extent intangible, there is no doubt that unresolved criminal charges are disrupting to the life of a defendant. Further, the extent of the disruption is usually worsened by the length of the delay. *State v. Dykast, supra,* 300 Or at 378. Defendant's personal prejudice, coupled with the state's concession that defendant asserted his right to a speedy trial when he refused diversion, is entitled to some weight in the balancing process.

We think it plain that the state's unexplained failure to bring defendant to trial for three years on a serious driving offense is a "delay" of justice within the meaning of Article I, section 10, of the Oregon Constitution. In *Haynes v. Burks, supra,* 290 Or at 81, the court provided some guidance to examine the relevance of each factor:

---

[3] In *State v. Dykast, supra,* Judge Jones, in his concurrence, states that the American Bar Association National Conference of State Trial Judges recommends that " '90 percent of all misdemeanors, infractions and other non-felony cases should be adjudicated or otherwise concluded within 30 days from the date of arrest or citation and 100 percent within 90 days.' " 300 Or at 381.

[4] At oral argument, defendant argued that his ability to defend was prejudiced by the delay, because a blood sample was destroyed and because he was unable to locate a witness. The record reveals that the blood sample was destroyed not more than ten months after the citation issued and that the witness could not be located immediately after the arraignment. It seems almost inevitable that a three-year delay would result in at least some prejudice to the ability to defend.

"It is apparent that different factors are important to the substance of the constitutional command and to the remedy of dismissal. As already stated, Article I, section 10, addresses the administration of justice and protects interests of the public as well as the rights of defendants. Thus, *whether there has been compliance with the constitutional injunction against 'delay' does not itself depend on prejudice to the defendant.* Nor does it depend on defendant's demand for a trial. *State v. Vawter,* [236 Or 85, 386 P2d 915 (1963)]. Compliance as such depends on the length of the delay and the reasons for it. Some cases involve longer periods of preparation and pretrial procedures than others. *Even with such reasons, no doubt the passage of time alone can eventually lengthen to unconstitutional dimensions. See State v. Ivory,* 278 Or at 506. But short of this, *a failure to bring a defendant to trial is a 'delay' of justice when it has no reason other than neglect, procrastination, or deliberate choice.*" (Emphasis supplied.)

In the present case, the length of the delay, without a valid explanation, is inexcusable. Whether the delay was caused by "neglect, procrastination or deliberate choice," it is plainly contrary to the public interest in the prompt and efficient administration of justice and to the right of the defendant to a trial without delay. Although defendant's personal prejudice figures in the equation, the overriding factors are the length of delay and the state's failure to justify that delay.[5] It was error to deny defendant's motion to dismiss.[6]

Conviction reversed.

**VAN HOOMISSEN, J.,** dissenting.

I would affirm defendant's conviction.

I read the majority's opinion to say that the only

---

[5] In *State v. Vawter,* 236 Or 85, 96, 386 P2d 915 (1963), quoted with approval in *State v. Ivory, supra,* 278 Or at 506, the court observed:

"When the period of time that has elapsed after the defendant is held to answer is of such length as to be manifestly excessive and unreasonable, it may be incumbent upon the state, in order to avoid dismissal of the indictment, to justify the delay * * *."

[6] We need not consider the assignment of error that it was error to deny a motion to suppress blood test results.

prejudice that defendant suffered was anxiety.[1] I would hold that, without more, anxiety, no matter how prolonged, cannot be the basis for a dismissal for want of a speedy trial. In this case, no prejudice to defendant was shown.

In *State v. Dykast,* 300 Or 368, 378, 712 P2d 79 (1985) the Supreme Court explained:

> "Most criminal prosecutions cause stress, discomfort and interference with a normal life. Delay adds to the problem."

In *Dykast,* there was evidence that the delay caused the defendant to postpone his marriage plans and impeded his working capacity. He was restricted from carrying on his family's farming operation, which was already impaired due to his father's failing health. He suffered business losses, and the money that he deposited for his release was tied up in court so that he was unable to use it for his business. His defense costs mounted with each delay. He suffered mental anguish as to the uncertainty of his future and, in his words, the delay had "made it hard for [him] to make decisions" and his life was placed in a "holding pattern." 300 Or at 380-381 (Jones, J., concurring). Notwithstanding, the Supreme Court was not persuaded that Dykast's anxiety and stress were so great as to require dismissal.

In this case, by contrast, defendant's anxiety and stress, *i.e.,* he was greatly concerned and worried about the outcome of this matter because he drives professionally for a living, were relatively minor. They do not require reversal of his jury conviction for driving under the influence of intoxicants. *See Barker v. Wingo,* 407 US 514, 92 S Ct 2182, 33 L Ed 2d 101 (1972); *Haynes v. Burks,* 290 Or 75, 619 P2d 632 (1980); *State v. Ivory,* 278 Or 499, 564 P2d 1039 (1977); *State v. Hacker,* 62 Or App 691, 662 P2d 21 (1983); *State v. Neal,* 58 Or App 180, 647 P2d 974 (1982); *State v. Langlois,* 54 Or App 452, 635 P2d 653 (1981); *State v. Vance,* 53 Or App 290, 631 P2d

---

[1] After a pretrial hearing on defendant's motion to dismiss for lack of speedy trial, the trial court stated:

> "I think the real issue here is the actual prejudice to the defendant. The court does not find any actual prejudice except a slight dimming of memory of the defendant, and I'm going to deny the motion."

On appeal, the state argued that defendant's testimony at trial was specific about every aspect of his case. My review of the transcript confirms the state's assertion in that regard.

843 (1981); *State v. Meikle,* 44 Or App 91, 605 P2d 301 (1980); *State v. Evans,* 19 Or App 345, 351, 527 P2d 731 (1974), *cert den* 423 US 843 (1975).[2] My research indicates that no appellate court in the United States has ever before held that delay alone justifies dismissal of a criminal charge.

Defendant's second assignment of error, that the trial court erred in denying his motion to suppress the results of a blood test, because the emergency medical technician who drew a sample of defendant's blood was not acting under the direction and control of a licensed physician, lacks merit. *See former* ORS 487.825;[3] *State v. Stover,* 14 Or App 559, 565, 513 P2d 537 (1973), *rev'd on other grounds* 271 Or 132, 531 P2d 258 (1975).

---

[2]Defendant does not rely on ORS 135.747 or ORS 135.750.

My vote to affirm does not imply approval of the state's conduct in this case. Rather, I conclude that this case represents "an unfortunate lapse in orderly judicial administration." *State v. Neal, supra,* 58 Or App at 186.

[3]*Former* ORS 487.825 was repealed by Or Laws 1983, ch 338, § 978, and replaced by ORS 813.160(2), Or Laws 1983, ch 338, § 173 (*amended by* Or Laws 1985, ch 16, § 57 and Or Laws 1985, ch 337, § 2).