***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted October 27, 2021; Counts 1 and 2 reversed and remanded, remanded for resentencing, otherwise affirmed July 27; petition for review denied November 23, 2022 (370 Or 472)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ROBERT GLEN RUPERT,
*Defendant-Appellant.*

Umatilla County Circuit Court
18CR57911; A171947

Jon S. Lieuallen, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Neil F. Byl, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jennifer S. Lloyd, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

ORTEGA, P. J.

Counts 1 and 2 reversed and remanded; remanded for resentencing; otherwise affirmed.

**ORTEGA, P. J.**

Defendant was found guilty after a jury trial on one count of possession of a stolen vehicle (Count 1), two counts of aggravated first-degree theft (Counts 2 and 4), four counts of first-degree theft (Counts 5 through 8), and one count of second-degree theft (Count 9). The trial court merged all of the other guilty verdicts into the conviction on Count 4 for aggravated first-degree theft. The jury was unanimous as to all counts except possession of a stolen vehicle (Count 1) and one of the counts of aggravated first-degree theft (Count 2). The state concedes that defendant is entitled to reversal of those two guilty verdicts in light of *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020). We agree and accept that concession, and therefore reverse and remand on those two counts but otherwise affirm.

We briefly address defendant's remaining assignments of error. In his first assignment of error, he argues that the trial court erred in denying his motion to dismiss the charges on former jeopardy grounds after a mistrial was declared. Defendant challenges the sufficiency of the evidence to support the trial court's conclusion that the prosecutor did not engage in misconduct of the sort that bars retrial after declaration of a mistrial. The trial court's factual findings are binding if there is evidence to support them, *State v. Garner*, 234 Or App 486, 491, 228 P3d 710, *rev den*, 348 Or 621 (2010), and we conclude that the evidence supports those findings.

During the first trial, a police officer mentioned an outstanding warrant on defendant, and the trial court granted defendant's motion for a mistrial. The prosecutor had not specifically elicited the witness's comment, but also had not specifically warned the witness not to mention the outstanding warrant, which the trial court viewed as negligent. Retrial after a mistrial is barred under the former jeopardy provision of the Oregon constitution "when (1) the misconduct is so prejudicial that it cannot be cured by means short of mistrial; (2) the prosecutor knew that the conduct was improper and prejudicial; and (3) the prosecutor either intended or was indifferent to the resulting mistrial or reversal." *Garner*, 234 Or App at 491 (citing *State*

*v. Kennedy*, 295 Or 260, 276, 666 P2d 1316 (1983)). Given the trial court's conclusion that the prosecutor's failure to advise the witness not to mention the warrant was negligent, which is supported by the record, we cannot conclude that the prosecutor knew the conduct was improper and prejudicial. Accordingly, the trial court did not err in denying the motion for a mistrial.

In his second through ninth assignments of error, defendant challenges the sufficiency of the evidence to support each of the convictions, arguing that there was insufficient evidence to create a question of fact as to whether he knew or believed the property in question to be stolen. In reviewing the denial of a motion for judgment of acquittal, we examine the evidence in the light most favorable to the state to determine whether a rational trier of fact, accepting reasonable inferences and reasonable credibility choices, could have found the essential elements of the crime beyond a reasonable doubt. *State v. Cunningham*, 320 Or 47, 63, 880 P2d 431 (1994), *cert den*, 514 US 1005 (1995). The state may rely on circumstantial evidence and reasonable inferences flowing from that evidence to establish an element of a crime. *State v. Hedgpeth*, 365 Or 724, 733, 452 P3d 948 (2019). We conclude that the circumstantial evidence in this case, and the reasonable inferences that flow from it, was sufficient to create a factual issue with respect to defendant's knowledge.

In his tenth assignment of error, defendant contends that the trial court erred in admitting evidence that defendant's cell phone was near the location where the property was taken near the time that it was taken. He asserts that because the state's theory of the case was that he committed theft by receiving, evidence that he was near the location where the thefts occurred was irrelevant. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." OEC 401. Evidence was presented that the items were stolen in Idaho, and that defendant thereafter attempted to sell them in Oregon and Washington. Evidence that defendant was in Idaho near the location of the theft at the time the items were taken meets the low "any tendency"

standard as it could support an inference that he had the opportunity to readily receive the stolen goods.

In his eleventh and twelfth assignments of error, defendant contends that the trial court erroneously admitted evidence that he used aliases because such evidence was not relevant to any issue in the case. Given the low threshold for relevance, we agree with the trial court's conclusion that this evidence was relevant to support a theory that defendant was trying to avoid being identified in conjunction with these offenses. Defendant contends that evidence that he was concealing his identity was explained by the fact that a warrant was out for his arrest, and that there was no evidence he used those aliases when contacting potential buyers for the stolen property. However, the fact that there may be alternative explanations for evidence does not undermine its admissibility as relevant evidence.

In his thirteenth assignment of error, defendant contends that the trial court's error in instructing the jury that it could return nonunanimous verdicts infected not only the nonunanimous verdicts but the unanimous verdicts as well. We reject that argument for the reasons set forth in *State v. Flores Ramos*, 367 Or 292, 478 P3d 515 (2020).

Defendant's fourteenth and fifteenth assignments of error relate to the two counts on which the jury was not unanimous and, as explained above, we accept the state's concession that defendant is entitled to reversal of those guilty verdicts.

Counts 1 and 2 reversed and remanded; remanded for resentencing; otherwise affirmed.