422 May 1, 2024 No. 288

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ANA ORDAZ,
*Defendant-Appellant.*

Yamhill County Circuit Court
20CR46252; A177789

Ladd J. Wiles, Judge.

Argued and submitted January 25, 2024.

James Brewer, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Joanna L. Jenkins, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

KAMINS, J.

Conviction for driving under the influence of intoxicants reversed and remanded for resentencing; otherwise affirmed.

**KAMINS, J.**

Defendant appeals from convictions for driving under the influence of intoxicants (DUII), ORS 813.010, and driving while suspended (DWS), ORS 811.182. She assigns error to the trial court's denial of her motion to suppress results of field sobriety tests (FSTs) and a urine test. Defendant also assigns as plain error the trial court's failure to instruct the jury that defendant could be convicted of DWS only if her license was suspended for one of the reasons listed in ORS 811.182(4). We conclude that the officer's request to defendant to perform FSTs constituted interrogation after defendant had invoked her right to an attorney and, thus, that the trial court erred in denying defendant's motion to suppress. We decline to review as plain error defendant's claim that the trial court erred in failing to instruct the jury. We therefore affirm defendant's DWS conviction but reverse and remand defendant's conviction for DUII.

Officer Dickerson responded to a 9-1-1 dispatch based on a call that defendant had been driving erratically. Dickerson arrived at the location of defendant's car and, after checking the vehicle's license plate, determined that defendant's license had been criminally suspended. He then observed defendant drive and commit driving violations and stopped her based on probable cause that she was driving while suspended and had committed traffic infractions.

As Dickerson spoke to defendant, he informed her that she was driving while suspended and that he had probable cause to arrest her. She became argumentative and told Dickerson that she was driving "perfectly fine" and began to record him on her cell phone. Dickerson then began to record the stop on his cell phone and asked defendant to step out of the car and perform field sobriety tests because he believed, based on his observations, that she was under the influence of an intoxicant. When defendant replied that she was driving correctly, Dickerson interrupted and said, "Actually, you were not driving correctly."

After reading defendant the *Miranda* rights, Dickerson described the physical FSTs and informed defendant that her refusal to perform them may be used against

her. *State v. Rohrs*, 157 Or App 494, 499, 970 P2d 262 (1998), *aff'd by an equally divided court*, 333 Or 397, 40 P3d 505 (2002). Finally, Dickerson told her, "If you do not step out of the vehicle, I'm going to take you out of the vehicle and I'm going to put you in the back of the car." Defendant continued arguing. Dickerson asked, "Did you hear what I said?" Defendant responded, "I'm—first of all, I'm trying to call my attorney." Dickerson said, "I'm not going to ask you any questions." Dickerson then opened the car door and instructed defendant, "Go ahead and step out of the vehicle." Defendant responded, "Okay. That's fine." After continued back and forth during which time defendant repeatedly mentioned calling her attorney, Dickerson asked her, "Are you going to perform the standardized field sobriety tests?"

Defendant finally complied and performed poorly on the physical FSTs, exhibiting mental and physical impairment. Dickerson placed her under arrest and then searched the car, finding pills and other intoxicants. After her arrest, defendant provided a urine sample, which showed that defendant had methadone and Gabapentin in her system.

Defendant was charged with one count each of DUII and DWS. She moved to suppress the results of the FSTs as well as the results of the urinalysis, contending that the FSTs were the product of an unlawful interrogation in violation of Article I, section 12, of the Oregon Constitution[1] and that the urinalysis evidence was derived from the initial violation.

The court denied the motion. The court reasoned that defendant was not in a compelling circumstance or in custody at the time Dickerson advised defendant of her *Miranda* rights or administered the FSTs and further that defendant's repeated statements that she was calling her attorney did not amount to an invocation of her *Miranda* rights prior to the FSTs.

In her first assignment of error, defendant contends that the trial court erred in denying her motion to suppress. We review the denial of a motion to suppress for errors of

---

[1] Defendant also argued that the results of the FST were the product of an unlawful warrantless search under the Fourth Amendment of the United States Constitution, an argument she renews on appeal. Because we reverse on other grounds, we decline to address that argument.

law and are bound by the trial court's findings of historical fact if they are supported by constitutionally sufficient evidence. *State v. Ehly*, 317 Or 66, 75, 854 P2d 421 (1993).

Defendant asserts that Dickerson's requests and direction to perform the FSTs after she had said she was calling her attorney constituted an unlawful interrogation, in violation of defendant's *Miranda* rights under Article I, section 12, of the Oregon Constitution. *See State v. Shevyakov*, 311 Or App 82, 87, 489 P3d 580 (2021) (asking the defendant, who was in custody and had invoked *Miranda* rights, to perform the physical FSTs constituted impermissible interrogation in violation of Article I, section 12). We agree that *Shevyakov* is controlling and requires reversal. In *Shevyakov*, the defendant was in custody and had unequivocally invoked the right to counsel before the officer requested that he perform physical FSTs. Reconciling a conflict in the caselaw, we held that a request to perform physical FSTs is prohibited "interrogation" after the invocation of *Miranda* rights, because it is reasonably likely to elicit an incriminating response—a refusal that would be admissible at trial. 311 Or App at 89.

Here, as distinct from *Shevyakov*, the trial court concluded that defendant was not under arrest or in compelling circumstances at the time Dickerson asked and directed her to perform the FSTs and, further, that she had not invoked her *Miranda* rights. We reach a different conclusion on both issues. Although traffic stops are not ordinarily compelling, here, at the outset of the stop, Dickerson informed defendant that she was driving while criminally suspended, for which she was subject to arrest. He also informed her that she was driving improperly and that he suspected her of driving under the influence and would handcuff and detain her if she declined to perform the FSTs. Those facts rendered these circumstances compelling. *See, e.g., State v. McMillan*, 184 Or App 63, 55 P3d 537 (2002), *rev den*, 335 Or 355 (2003) (Although an officer's unarticulated suspicions do not result in compelling circumstances, expressly confronting a suspect with evidence of probable cause to arrest may make the circumstances sufficiently compelling to require Miranda warnings.).

And although defendant's repeated statements that she was calling her attorney were not the usual invocation of the right to counsel, they were at least an equivocal invocation that Dickerson should have attempted to clarify. *See State v. Roberts*, 291 Or App 124, 418 P3d 41 (2018) (An equivocal request for an attorney "places additional obligations on police before they may continue the interrogation.").

Because we conclude that defendant was in compelling circumstances and had at least equivocally invoked her right to an attorney, we are bound by *Shevyakov*. As in *Shevyakov*, Dickerson engaged in impermissible interrogation by asking defendant to perform FSTs.

The state argues that *Shevyakov* does not compel that result, because the search was proper for a different reason—as a search "attendant to arrest and custody." However, because the state did not make that argument below, and the record may have developed differently if it had done so, we decline to address it. *Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 659-60, 20 P3d 180 (2001). The state alternatively argues that *Shevyakov* should be disavowed but has not demonstrated that that decision is "plainly wrong" as required by *State v. Civil*, 283 Or App 395, 417, 388 P3d 1185 (2017). Accordingly, we conclude that the trial court erred in denying defendant's motion to suppress the results of defendant's FSTs. In light of that conclusion, the results of the urine test should also have been suppressed as derived from the initial violation.

In defendant's second assignment of error, she contends that the trial court plainly erred in failing to instruct the jury that defendant was liable for DWS only if her license was suspended for one of the reasons listed in ORS 811.182(4). *See State v. Guerrero*, 216 Or App 173, 174, 171 P3d 392 (2007) (agreeing with and accepting state's concession that trial court erred in failing to instruct jury that it must find that the defendant's license was suspended for one of the reasons listed in ORS 811.182(4))

Assuming that the trial court plainly erred, we decline to exercise our discretion to review the asserted plain error, as we conclude that, had the court instructed

the jury as defendant now contends was necessary, there is little likelihood that the verdict would have been different. *See State v. Horton*, 327 Or App 256, 266, 535 P3d 338 (2023) (declining to exercise discretion to correct plain error where there was only "an extremely low likelihood" that the verdict would have been different). For that reason, we conclude that the ends of justice do not require that we review defendant's unpreserved claim of error.

Conviction for driving under the influence of intoxicants reversed and remanded for resentencing; otherwise affirmed.