Argued August 18, affirmed September 12, 1977

STATE OF OREGON, *Respondent,*

*v.*

CHAUNCEY RAY LYMAN, *Appellant.*

(No. 76-05362, CA 7931)

569 P2d 39

Edward N. Fadeley, Eugene, argued the cause and filed the briefs for appellant.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on

the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Richardson and Johnson, Judges.

RICHARDSON, J.

## RICHARDSON, J.

Defendant appeals his conviction for the traffic crime of Driving Under the Influence of Intoxicants. He was charged with the traffic crime under the provisions of ORS 484.365, which provides that conduct which would otherwise be a Class A traffic infraction is a Class A misdemeanor if the defendant has been convicted of any Class A traffic infraction or traffic crime within the five-year period immediately preceding the commission of the offense. Driving under the influence of intoxicants, absent the prior conviction, is a Class A traffic infraction. ORS 487.540. The sole issue in this case is whether defendant's prior conviction was within the five-year period.

Defendant had been convicted of Driving Under the Influence of Intoxicating Liquor in the municipal court more than five years immediately preceding the commission of the offense here on appeal. He sought de novo review of the municipal court conviction and was convicted in the circuit court. The circuit court conviction was within the five-year period.

The state alleged the date of the circuit court conviction was the operative date to determine if defendant was guilty of a misdemeanor. The defendant claimed the municipal court conviction should be considered as the prior conviction. The trial court presented this issue to the jury over the objection of the defendant and the state.

Clearly the question whether the circuit court conviction is a conviction for the purposes of ORS 484.365 is a matter of law and should not have been presented to the jury as an issue of fact. However, since we hold the circuit court conviction is a conviction for the purposes of ORS 484.365, the judgment that defendant is guilty of a misdemeanor is legally sufficient despite the improper procedure in resolving the issue.

The de novo review of a lower court conviction in

the circuit court is a new trial in all respects on the issues determined in the court of first jurisdiction. *State v. Phillips,* 21 Or App 167, 534 P2d 214 (1975). The circuit court in reviewing de novo does not affirm, reverse or modify the judgment of the lower court but issues a new judgment in all respects. *See,* ORS 53.090. Once an appeal is taken from the lower court to the circuit court the lower court judgment is considered as not having occurred and the circuit court judgment is dispositive of all the issues of law and fact. It follows the circuit court judgment is the conviction to be considered in determining if defendant has committed an infraction or a misdemeanor.

Affirmed.