Argued and submitted December 22, 1997, affirmed February 25, 1998

STATE OF OREGON,
*Appellant,*

*v.*

STEVEN CRAIG HAMPTON,
*Respondent.*

(Z 198870; CA A96823)

954 P2d 1267

Ann Kelley, Assistant Attorney General, argued the cause and filed the brief for appellant. With her on the brief were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

William Uhle argued the cause and filed the brief for respondent.

Before Landau, Presiding Judge, Deits, Chief Judge, and Leeson, Judge.

LEESON, J.

**LEESON, J.**

The state appeals from a pretrial order of dismissal, ORS 138.060(1), entered after the trial court granted defendant's motion to dismiss for lack of a speedy trial. ORS 135.747. We review for errors of law, *State v. Green*, 140 Or App 308, 310-11, 915 P2d 460 (1996), and affirm.

On May 11, 1994, defendant received a citation for the Class A misdemeanor of driving under the influence of intoxicants (DUII). ORS 813.010. The trial was scheduled for September 1994, but defendant requested and was granted a setover. The trial was rescheduled for November 1994, but the state requested and was granted a setover. In January 1995, the state again requested a setover, but that request was denied, and the case was dismissed on the state's motion on January 19, 1995. The case was reissued, defendant accepted service on March 17, 1995, and at his request, the case was set over until April 12, 1995. The April 12 trial ended in a mistrial, and the case was reset for June 1, 1995. Before that date, defendant filed a motion to suppress evidence of the field sobriety tests and breath test. The motion was argued and taken under advisement on June 1, 1995. The trial court issued its decision on January 2, 1997, holding that the field sobriety tests were admissible except for defendant's statements during the tests. On February 6, 1997, defendant filed a motion to dismiss, claiming denial of his right to a speedy trial under ORS 135.747 and Article I, section 10, of the Oregon Constitution. The trial court granted defendant's motion on statutory grounds and dismissed the case without prejudice, but indicated that the case also should be dismissed on constitutional grounds, because defendant showed that he had been prejudiced by the delay. The court explained that the 23-and-one-half-month delay from the date of reissue to the decision on the motion to suppress was "very embarrassing," that responsibility for the delay in the court's ruling on defendant's motion was the court's alone and that the delay was not intended to benefit the defendant. The court concluded:

"I didn't know if there was any case law that would save my conduct. I'm convinced there isn't, and I feel obliged as a

matter of law to grant the statutory motion, which I understand results in a dismissal without prejudice."

The state first assigns error to the trial court's granting of defendant's motion to dismiss on statutory speedy trial grounds. The state argues that the time the court took to decide defendant's motion to suppress was occasioned by defendant, that defendant did not "alert the court to his desire for a prompt resolution of his motion" and that delay caused by a court is the most benign type of delay. Defendant responds that the delay was unreasonable, that the delay was not solely for his benefit and that it is the state's responsibility to bring defendant to trial within a reasonable period of time.

ORS 135.747, commonly called the "speedy trial statute," provides "a method for dismissing cases that are languishing in the criminal justice system[.]" *State v. Emery*, 318 Or 460, 467, 869 P2d 859 (1994). The statute provides:

"If a defendant charged with a crime, whose trial has not been postponed upon the application of the defendant or by the consent of the defendant, is not brought to trial within a reasonable period of time, the court shall order the accusatory instrument to be dismissed." ORS 135.747.

The dispositive inquiry under ORS 135.747 is whether defendant occasioned or acquiesced in the delay and whether the length of time that elapsed in bringing the case to trial was reasonable. *Emery*, 318 Or at 470-71.

As a threshold matter, we note that the date the charge was reissued following the first dismissal is the starting point for calculating the period of time it took the state to bring defendant to trial. *See* ORS 131.135 ("A prosecution is commenced when a warrant or other process is issued, provided that the warrant or other process is executed without unreasonable delay."); *see also Emery*, 318 Or at 466-67 (ORS 135.747 is a housecleaning mechanism that does not affect the state's ability to reprosecute serious charges); *Green*, 140 Or App at 312 (same). The delay at issue in this case is the more than 19 months that defendant's motion to suppress was under advisement. We applaud the trial court's candor regarding its explanation for the delay and agree with its assessment that the delay was unreasonable and was not

intended to benefit defendant. *Cf. State v. Meikle*, 44 Or App 91, 94-95, 605 P2d 301 (1980) (long delay caused by trial court not speedy trial ground for dismissal, because judicially imposed blanket order pending the resolution of a legal issue likely to arise at trial or on appeal was intended to benefit the defendant).

■    Nonetheless, the state argues, defendant occasioned or acquiesced in the delay by filing his motion to suppress. Although defendant initially may have caused a "postponement" in the trial by moving to suppress evidence, *State v. Robinson*, 217 Or 612, 624, 343 P2d 886 (1959), that "postponement" included only "a reasonable time for the judge to study the legal questions raised by the [motion] and to render his decision thereon." *State v. Crosby*, 217 Or 393, 405, 342 P2d 831 (1959). *Robinson* does not aid the state here, because delay that is caused by the court's inattention is "unreasonable" and "unexcusable." *Robinson*, 217 Or at 624.

The state also argues that this case is analogous to *State v. Moylett*, 123 Or App 600, 860 P2d 886 (1993), *rev den* 319 Or 150 (1994). *Moylett* involved a 46-and-one-half month delay, 26 months of which resulted from the state's appeal to the Supreme Court. We held that the delay was caused by the judiciary carrying out its responsibility to safeguard the rights of defendant. *Id.* at 605. We explained:

> "We do not, and cannot, know why defendant's case was before the Supreme Court for more than two years. We do know that, even though the case involved misdemeanor charges, the Supreme Court found that it raised 'important issues.' * * * We are in no position to say that the Supreme Court's extended consideration of the merits of defendant's motion to suppress unreasonably delayed his trial. The workings of the appellate process to resolve defendant's pretrial motion constitute a valid explanation for the delay in this case." *Id.* (citations omitted).

In this case, by contrast, the trial court admirably explained the reason for delay.

■    The state further argues that defendant failed to comply with UTCR 2.030, which provides him "a vehicle to hasten the trial court's decision on his motion to suppress." That rule states:

"(1) If any judge shall have any matter under advisement for a period of more than 60 days, it shall be the duty of *all parties* to call the matter to the court's attention forthwith, in writing.

"(2) If the matter remains under advisement for 90 days, *all parties* are required again to call the matter to the judge's attention forthwith, in writing, with copies to the presiding judge, if any, and the Chief Justice." (Emphasis supplied.)

The state concedes that "[n]othing in the trial court file reflects compliance with this rule by either defendant or the prosecutor." What is more, the state raises the issue for the first time on appeal.[1] Consequently, the trial court had no opportunity to rule on the effect of UTCR 2.030 under the facts of this case. Because this issue was not preserved below, we do not address it here. ORAP 5.45(2); *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 380, 823 P2d 956 (1991). On this record, we conclude that the trial court did not err in granting defendant's motion to dismiss under ORS 135.747.

In light of this disposition we need not address the state's second assignment of error.

Affirmed.

---

[1] We note that the state made no argument below that defendant had a responsibility based on rule, statute or case law to bring the delay in ruling on the motion to the trial court's attention.