Argued and submitted March 8, affirmed May 12, petition for review allowed September 28, 2004 (337 Or 476)

STATE OF OREGON,
*Appellant,*

*v.*

MICHAEL C. ADAMS,
aka Michael Cory Adams,
*Respondent.*

D9906823T; A119362

89 P3d 1283

Christina M. Hutchins, Assistant Attorney General, argued the cause for appellant. With her on the brief were

Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

William Uhle argued the cause and filed the brief for respondent.

Before Edmonds, Presiding Judge, and Wollheim and Schuman, Judges.

SCHUMAN, J.

## SCHUMAN, J.

The trial court granted defendant's motion to dismiss a charge of driving under the influence of intoxicants (DUII), concluding that the state had not complied with the statutory requirement to provide a speedy trial. ORS 135.747. We review for errors of law, *State v. Hampton*, 152 Or App 742, 744, 954 P2d 1267 (1998), and affirm.

On November 16, 1999, and again on November 21, 1999, defendant was arrested for DUII. He was arraigned on both DUII charges on December 20, 1999. On February 24, 2000, defendant made a demand for a speedy trial. On March 2, 2000, defendant rejected the state's plea offer and the first trial date was set for August 18, 2000. However, on July 17, 2000, the state requested that the trial be reset due to the unavailability of an essential witness. Defendant did not object to this request, and the trial date was reset for January 30, 2001. At the request of defense counsel, the trial date was again reset to May 31, 2001. On that day, no judges were available to try the case and the trial was reset to October 17, 2001. On October 17, the trial date was again reset, to March 7, 2002, again due to the unavailability of judges.

Shortly before that date, in March 2002, defendant moved to have the DUII charges against him dismissed due to asserted violations of his statutory and state constitutional rights to a speedy trial. The court apparently denied that motion, and defendant was tried on March 7, 2002. The jury convicted defendant of the second DUII charge but could not reach a verdict on the first one. The court declared a mistrial on the first count and set the date of retrial for August 20, 2002.

On August 15, 2002, defendant filed a second motion to dismiss for lack of a speedy trial. On August 20, 2002, after a hearing, the trial court granted the motion on the basis of ORS 135.747 and dismissed the case.[1] The state appeals.

---

[1] After a dismissal based on a speedy trial violation of Article I, section 10, the state cannot reprosecute. *State v. Ivory*, 278 Or 499, 505, 564 P2d 1039 (1977). No such ban occurs after a statutory violation if the offense, like DUII, is a Class A misdemeanor. Had defendant wanted the broader relief afforded by a decision based on Article I, section 10, he could have objected to the trial court's order.

ORS 135.747 provides:

> "If a defendant charged with a crime, whose trial has not been postponed upon the application of the defendant or by the consent of the defendant, is not brought to trial within a reasonable period of time, the court shall order the accusatory instrument to be dismissed."

To determine whether the state violated this statute, we must first determine the "period of time" of the delay, excluding any part of it made "upon the application of the defendant or by the consent of the defendant," and then determine whether that delay is "a reasonable period of time." *Id.* The time period in this case begins on arraignment December 10, 1999, the day that the charging instrument (the citation and complaint) was filed with the trial court clerk. Eight hundred sixteen days, or approximately 27 months, elapsed between defendant's arrest and his trial. One hundred twenty of those days resulted from defendant's request for a set over. The state argues that, because defendant did not object to the initial trial date or to the state's request for a set over, he consented to another 409 days (from December 20, 1999, the date of his arraignment, until January 31, 2001). In support of this proposition, the state cites our decision in *State v. Peterson*, 183 Or App 571, 53 P3d 455 (2002). The state reads too much into that case.

In *Peterson,* we wrote that a defendant's "[c]onsent [to a delay] need not be explicit; for example, a defendant is charged with impliedly consenting to delays caused by his failure to appear." 183 Or App at 577. In *Peterson*, the delay between the defendant's arraignment and trial totaled 413 days. *Id.* at 574. He had impliedly consented to a delay of nine days by failing to appear, and he consented to an additional delay of 190 days by *expressly and affirmatively* agreeing to a later trial date. *Id.* We held the state responsible for the remaining 214 days, including a period in which defendant did not object to a motion for continuance made by the state *and* a period in which the trial date was reset by the court by reasons not disclosed in the record. *Id.* at 573.

*Peterson,* then, does not stand for the proposition that a defendant's failure to object equates to implied consent. The cases in which this court has found that the defendant has consented to a delay are cases in which an affirmative statement was made on the record, *id.* at 577, or where the defendant has impliedly consented through some affirmative action, *i.e.,* fleeing the jurisdiction or appealing the disposition of a pretrial motion. *See State v. Kirsch,* 162 Or App 392, 397, 987 P2d 556 (1999) (the defendant's failure to appear and his subsequent inaction constituted consent to delay); *State v. Hickerson,* 153 Or App 284, 287, 956 P2d 1050 (1998) (the defendant consented not to be tried during a 19-month period in which he failed to appear); *State* v. *Moylett,* 123 Or App 600, 604, 860 P2d 886 (1993), *rev den,* 319 Or 150 (1994) (the defendant was not entitled to dismissal on constitutional speedy trial grounds despite a lengthy pretrial delay because most of the 45-month delay involved resolution of defendant's pretrial motion to suppress). Defendant's failure to object was not treated as implied consent in *Peterson,* and cannot appropriately be treated as implied consent in this case.

■   Thus, the delay amounted to 696 days, or 39 days short of two years. We have recently held that a significantly shorter delay of 15 months between a DUII arraignment and trial was not reasonable. *State v. Harman,* 179 Or App 611, 623, 40 P3d 1079 (2002). The Oregon Judicial Conference in 1990 established as an aspirational standard that " '90% of all * * * nonfelony cases should be adjudicated or otherwise concluded within 90 days from the date of arraignment, 98% within 180 days and 100% within one year * * *.' " *State v. Emery,* 318 Or 460, 471 n 17, 869 P2d 859 (1994). *See also id.* at 470 (two-year delay unreasonable). Thus, in the absence of some extenuating circumstances, the delay in the present case could not be considered reasonable.

The state argues that such circumstances exist. It notes that most of the delay resulted from a shortage of judges, a shortage which presumably resulted in turn from inadequate funding:

"Realistically, the ability to comply with the Standards of Timely Disposition adopted in 1990 will not be static, but will depend on circumstances including the level of government resources available to accomplish those purely aspirational goals. Accordingly, government resources necessarily must factor into what is reasonable under a 'housekeeping' provision intended to serve the courts' interest in judicial efficiency. A backlog engendered by limited resources is not the type of delay intended to be addressed by a 'housecleaning mechanism' directed at cases that are languishing in the criminal justice system."

We are not unsympathetic. However, we do not reach the same conclusion.

First, we note that, by both judicial construction and text, ORS 135.747 requires dismissal based primarily on the length of delay, not its causes or effects. In *Emery*, the court noted that,

"[t]aken as a whole, the statutory speedy trial scheme provides a method for dismissing cases that are languishing in the criminal justice system without affecting the state's ability to reprosecute serious charges. ORS 135.745, 135.747, and 135.753(2) provide a 'housecleaning' mechanism triggered by the length of time that a particular case has been in the system, rather than by the effect of the delay on a particular defendant."

318 Or at 467. This court has held that "ORS 135.747 is intended to serve the courts' interest in judicial efficiency." *State v. Green*, 140 Or App 308, 312, 915 P2d 460 (1996). Both of these constructions emphasize that the statute is a device for purging cases that clog and clutter the judicial system because they have been there too long, regardless of the reason. That conclusion also follows from the statute's text: "If a defendant * * * is not brought to trial within a reasonable period of time, the court shall order the accusatory instrument to be dismissed." It is the "period of time" that must be "reasonable," not the cause of the delay or its effect on the defendant.

To the extent that we might excuse a lengthy delay based on the state's lack of culpability, we do not find that the circumstances of this case justify doing so. It is true that neither the law enforcement officers involved in the case, nor the

prosecutors, nor the courts stand accused of negligence or bad faith. Conversely, however, it could not be argued that the delay resulted from unavoidable circumstances over which the state had no control. The state, as a unitary political entity, is the plaintiff in this case: *State v. Adams.* "The state" includes the legislative branch as well as the executive officers who apprehended and prosecuted defendant and the judicial officers who tried him. As such an entity, "the state" has evidently chosen not to expend the resources necessary to bring defendant to trial in under 23 months. That may or may not have been a reasonable decision; it is not our office to sit in judgment on the reasonableness of the legislature's funding priorities. It is our office, however, to interpret the legislature's command that defendants be brought to trial within a reasonable period of time, a different inquiry entirely. In the present case, the state did not do so.

Affirmed.