Argued and submitted October 15, Grants Pass High School, Grants Pass, reversed December 8, 2004

## STATE OF OREGON,
*Respondent,*

*v.*

## KODY ROY-LYNN BOGGS,
*Appellant.*

01010018; A121801

102 P3d 123

George W. Kelly argued the cause and filed the brief for appellant.

Janet A. Klapstein, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Neufeld, Judge pro tempore.

PER CURIAM

Neufeld, J. pro tempore, concurring.

## PER CURIAM

Defendant appeals a judgment of conviction for driving under the influence of intoxicants, assigning error to the denial of his motion to dismiss on statutory speedy trial grounds. ORS 135.747. According to defendant, in light of our opinion in *State v. Adams*, 193 Or App 469, 89 P3d 1283, *rev allowed*, 337 Or 476 (2004), the delay in this case of two years and four months between citation and trial was unlawful. The state concedes that, under *Adams*, the trial court erred. The state, however, urges us to reconsider *Adams* and affirm. We decline the state's invitation to reconsider *Adams* and accept the concession that it is otherwise controlling.

Reversed.

**NEUFELD, J. pro tempore,** concurring.

As a trial judge, I would find it very helpful if the Oregon Supreme Court would clarify whether the standard of review to be used in cases involving the application of ORS 135.747 is to be error of law or abuse of discretion. Having witnessed the practical impact of the current approach, which appears to be primarily a mathematical calculation, I believe that using abuse of discretion as the standard of review would be preferable because of the myriad of factors and circumstances that can contribute to case delay at the trial court level. If the standard of review is to be abuse of discretion, it would also be helpful if the Oregon Supreme Court could indicate what factors the Oregon appellate courts would consider in determining whether or not there has been an abuse of discretion.