Argued and submitted March 5, reversed and remanded October 24, 2012

## STATE OF OREGON,
*Plaintiff-Appellant,*

*v.*

## CHARLES ROBERT GARNER,
*Defendant-Respondent.*

Washington County Circuit Court
D064137T; A147928

289 P3d 351

Andrew M. Lavin, Assistant Attorney General, argued the cause for appellant. With him on the brief were John R. Kroger, Attorney General, and Mary H. Williams, Solicitor General.

William Uhle argued the cause for respondent. With him on the brief was Thuemmel & Uhle.

Before Armstrong, Presiding Judge, and Haselton, Chief Judge, and Duncan, Judge.

HASELTON, C. J.

**HASELTON, C. J.**

The state appeals from an order dismissing, on statutory speedy trial grounds, ORS 135.747,[1] a complaint for misdemeanor driving under the influence of intoxicants (DUII), ORS 813.010, that had been filed over four years earlier. In so ruling, the trial court determined that time incurred before this court in the context of the state's earlier successful appeal of a prior dismissal on former jeopardy grounds, *State v. Garner*, 234 Or App 486, 228 P3d 710, *rev den*, 348 Or 621 (2010) (*Garner I*), was "unreasonable" so as to compel dismissal under ORS 135.747. As amplified below, we conclude that, for purposes of ORS 135.747, defendant was "brought to trial" approximately nine months after the complaint was filed even though that trial ended in a mistrial. For that reason, the trial court erred in dismissing the accusatory instrument on statutory speedy trial grounds. Accordingly, we reverse and remand.

The underlying circumstances of this case are pedestrian. And, as with virtually every statutory speedy trial appeal, a detailed, even pedantic, recounting of the operative facts seems unavoidable. We turn, then, to those facts.

On September 1, 2006, the state filed a complaint against defendant for misdemeanor DUII. Defendant's trial was initially set for January 10, 2007. Although the trial was continued or reset several times, defendant requested only a single continuance that resulted in a delay of approximately 50 days. Ultimately, defendant proceeded to trial on June 6, 2007—approximately nine months after the complaint had been filed—but it ended when the state caused a mistrial. Thereafter, defendant moved to dismiss the complaint against him on former jeopardy grounds, and, on July 25, the trial court granted that motion. On August 21, 2007, the state timely appealed the trial court's dismissal.

---

[1] ORS 135.747 provides:

"If a defendant charged with a crime, whose trial has not been postponed upon the application of the defendant or by the consent of the defendant, is not brought to trial within a reasonable period of time, the court shall order the accusatory instrument to be dismissed."

The parties completed their appellate briefs in September 2008. At that point, it took approximately eight months to set oral argument—that is, approximately eight months elapsed between the time that the case was ready to be heard by the court and the oral argument on May 6, 2009. An additional 11 months elapsed between oral argument and the issuance of our decision in *Garner I*, on March 31, 2010, reversing the trial court's dismissal and remanding the case to the trial court.

Defendant then sought review in the Supreme Court on May 5, 2010. That court denied review on July 29, and the appellate judgment issued a month later on August 27.

The trial court scheduled defendant's retrial for December 9, 2010. On November 23, approximately two weeks before his December 9 trial date, defendant filed a motion to dismiss his case on, *inter alia*, statutory speedy trial grounds.

The parties' competing contentions concerning defendant's motion were predicated on an underlying assumption—*viz.*, that the circumstances relevant to the disposition of defendant's motion spanned roughly 50 months from the time that the complaint was filed in September 2006 to the then-current trial date in December 2010. In other words, the parties assumed that, for purposes of ORS 135.747, even though defendant's first trial ended in a mistrial in June 2007, defendant had not yet been "brought to trial" as of the time that he filed his motion to dismiss in November 2010.

In support of that motion, defendant contended that he had not been "brought to trial within a reasonable period of time" as required by ORS 135.747 for two reasons. First, defendant contended that most of the delay attributable to the state's first appeal in *Garner I*—*viz.*, the approximately eight months between the completion of the briefing and oral argument and the 11 months between oral argument and the issuance of our decision—was unreasonable. Second, relying primarily on our decision in *State v. Adams*, 193 Or App 469, 89 P3d 1283 (2004) (*Adams I*), *aff'd*, 339 Or 104, 116 P3d 898 (2005) (*Adams II*), defendant explained that

the purpose of ORS 135.747 is to "purg[e] cases that clog and clutter the judicial system because they have been there too long, regardless of the reason," and that the overall delay here "on a non-complicated traffic case is unreasonable and intolerable."

The state remonstrated that *Adams* was inapposite because it did not involve a pretrial appeal. Further, the state contended that the time expended on appeal was "reasonable and typical for a case of this kind, and in some ways * * * shorter than average." In support of its position, the state presented the testimony of Susan Howe, the Senior Assistant Attorney General who acted as appellate counsel in *Garner I*. In general terms, Howe testified that the case was briefed, scheduled for argument, and ultimately decided within typical time lines.

Ultimately, the trial court granted defendant's motion to dismiss on statutory speedy trial grounds. The court explained that "[a]pproximately 42 months of [the total 50-month delay was] attributable to the state." In determining that the case must be dismissed on statutory speedy trial grounds, the court's analysis essentially focused on the 19 months that was attributable to this court—that is, the eight months that elapsed between the completion of the briefing and oral argument and the 11 months between oral argument and the issuance of our decision.[2] The trial court explained that that 19-month period was

"due to the workload of the Court of Appeals. I accept that the Court of Appeals worked diligently on this case, and all other cases before it during this period. Nevertheless, 20 months is too long for the court to decide a case of this limited complexity. Absent a huge backlog of cases and inadequate resources to handle its caseload, it should have taken about half that long for the appellate court to move from receiving defendant's brief to issuing a judgment."

Relying on the Supreme Court's decision in *Adams II*, the trial court reasoned that "[s]ome delay, no matter the type, is unreasonable simply because it is so long" and

---

[2] The trial court found that it took us 8.5 months to set oral argument and 10.5 months to issue our decision. However, as demonstrated by our recitation of the procedural facts, 253 Or App at 66, it took us approximately eight months to set oral argument and 11 months to issue our decision.

that "[d]elays due to crowded dockets, exacerbated by lack of resources, are not *per se* reasonable." Applying those principles to the circumstances of this case, the trial court concluded that,

> "where there is a single issue, relatively simple appeal on a misdemeanor DUII case, an [appellate] delay of one and one half of the statute of limitations—three years—is unacceptable. Here, the total delay caused by the government was one and three quarters of the statute of limitations—three and a half years [or 42 months]. That is simply too long. Accordingly, I must grant the motion to dismiss for violation of defendant's statutory speedy trial rights."[3]

The state appeals the trial court's resulting order. *See* ORS 138.060(1)(a) (providing that the state may appeal a pretrial order dismissing an accusatory instrument). Relying primarily on the Supreme Court's decision in *State v. Johnson*, 342 Or 596, 157 P3d 198 (2007), *cert den*, 552 US 1113 (2008), the state contends that "the [systemic] delay in bringing defendant to trial was reasonable because the delay resulted from the prosecution's reasonable—and ultimately successful—pursuit of a pretrial appeal under ORS 138.060." For his part, defendant contends that, because this case is materially indistinguishable from *Adams*, the trial court properly dismissed the case on statutory speedy trial grounds.

With the parties' appellate contentions so framed, we turn to the overarching legal issue in this case—*viz.*, whether defendant was "brought to trial within a reasonable period of time" pursuant to ORS 135.747. To determine whether a period of time is reasonable, we must calculate the length of that period, which necessarily requires that we fix when it begins and when it ends.[4] ORS 135.747 expressly

---

[3] The trial court rejected defendant's contention that the pretrial systemic delay compelled dismissal with prejudice under Article I, section 10, of the Oregon Constitution and the Sixth Amendment to the United States Constitution because defendant had failed to demonstrate "the prejudice that would be necessary to justify a dismissal on state or federal constitutional grounds." The trial court's ruling in that regard is not at issue on appeal.

[4] *See Adams I*, 193 Or App at 472 ("To determine whether the state violated [ORS 135.747], we must first determine the 'period of time' of the delay, excluding any part of it made 'upon the application of the defendant or by the consent of the defendant,' and then determine whether that delay is 'a reasonable period of time.'" (quoting ORS 135.747)).

provides that the pertinent time period ends when a defendant is "brought to trial."

The parties have not addressed the meaning of the term "brought to trial." Instead, as previously explained, 253 Or App at 66, the parties—and ultimately the trial court—assumed that the circumstances relevant to the disposition of defendant's motion spanned roughly 50 months from the time that the complaint was filed in September 2006 to defendant's December 2010 trial date. Implicit in that assumption was that, even though defendant's June 2007 trial ended in a mistrial, he had not yet been "brought to trial" for purposes of ORS 135.747.

Despite that operative assumption and the fact that neither party has addressed the meaning of the term "brought to trial" in ORS 135.747, when the operation of a statute is unavoidably, directly implicated, we are required to interpret the statute correctly. *Stull v. Hoke*, 326 Or 72, 77, 948 P2d 722 (1997) ("In construing a statute, this court is responsible for identifying the correct interpretation, whether or not asserted by the parties."). Accordingly, we turn to the meaning of that statutory term.

Our interpretive task begins with the text of the statute, giving "words that have well-defined legal meanings those meanings." *Fresk v. Kraemer*, 337 Or 513, 520, 99 P3d 282 (2004). In common legal parlance, a defendant is "brought to trial" when "the trial is commenced." *Black's Law Dictionary* 242 (4th ed 1968).[5] Thus, the literal command of the statute is satisfied when a defendant's trial is commenced even if that trial ultimately ends in a mistrial and the defendant is retried. Simply put, ORS 135.747 does not apply to retrials following a mistrial. To hold otherwise would require us to modify the text of the statute contrary

---

[5] The plain meanings of the component parts of the term "brought to trial" are consistent with the common legal definition. *See Webster's Third New Int'l Dictionary* 278 (unabridged ed 2002) (defining the word "bring" to mean, *inter alia*, "INSTITUTE <~ legal action> <~ a complaint>"); *id.* at 2439 (defining "trial" to mean "2 : the formal examination of the matter in issue in a cause before a competent tribunal for the purpose of determining such issue : the mode of determining a question of fact in a court of law: as **a** : such an examination of an issue of law when it is before a judge alone or of fact when it is usu. before a judge and jury **b** : all proceedings from the time when the parties are called to try their cases in court or from the time when issue is joined to the time of its final determination **c** : such proceedings subsequent to swearing in a jury").

to ORS 174.010, which provides, in part, that, "[i]n the construction of a statute, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted[.]"

Moreover, that understanding of the statute is consistent with the statute's underlying purpose. In *State v. Emery*, 318 Or 460, 869 P2d 859 (1994), the court examined the text and context of ORS 135.747 as well as the evolution of the case law concerning statutory and constitutional speedy trial protections. The court concluded that the purpose of the statute is not to protect defendants from prejudicial delays—as does the guarantee in Article I, section 10, of the Oregon Constitution—but, rather, is to prevent cases from "languishing in the criminal justice system," *id.* at 467, without "prosecutorial action," *id.* at 466. Once a trial has been commenced, a case is no longer languishing for purposes of ORS 135.747.

Although we are unaware of any case in which an Oregon appellate court has expressly addressed the meaning of the term "brought to trial" for purposes of ORS 135.747 when a defendant is retried following a mistrial, at least three cases—*Adams II*, 339 Or 104; *State v. Cunningham*, 232 Or App 135, 221 P3d 165 (2009); and *State v. Hampton*, 152 Or App 742, 954 P2d 1267 (1998)—present those circumstances. Those cases demonstrate that, when a defendant's trial ends in a mistrial and the defendant is retried, we have not consistently fixed the date that a defendant is "brought to trial" and, at times, decisions have been inconsistent with how the Supreme Court has fixed that date.

In *Adams*, the defendant's March 2002 trial ended in a mistrial as to one of the charges against him because the jury could not reach a decision. *Adams II*, 339 Or at 107-08. The defendant was scheduled to be retried on that charge in August. *Id.* at 108. Thereafter, the defendant filed a motion to dismiss on statutory speedy trial grounds, which the trial court granted. *Id.* In calculating the pertinent period for purposes of ORS 135.747, we and the Supreme Court explained that approximately 27 months had elapsed between December 10, 1999—the date that the defendant

was charged—and his March 2002 trial.[6] *Id.* at 110; *Adams I*, 193 Or App at 472. Ultimately, the Supreme Court affirmed our decision upholding the trial court's dismissal, reasoning that, "[a]t some point, the focus must shift away from whether the various postponement requests and decisions *individually* are justifiable to whether the overall period of time to bring the defendant to trial is 'reasonable' *in toto*."[7] *Adams II*, 339 Or at 111-12 (emphasis in original).

Unlike in *Adams*, in *Cunningham* and *Hampton*, we assumed that, following a mistrial, a defendant is brought to trial for purposes of ORS 135.747 as of the retrial date. In *Cunningham*, the defendant was indicted on July 23, 2004, and was brought to trial on December 3, 2004. 232 Or App at 137. That trial ended when the jury deadlocked on one of the charges against the defendant. *Id.* Before the defendant was retried, he moved to dismiss on statutory

---

[6] Interestingly, before the Supreme Court, the state noted that our 27-month calculation erroneously excluded the five months between the mistrial and the defendant's scheduled retrial. Petitioner on Review's Brief at 38 n 25, *State v. Adams*, 339 Or 104, 116 P3d 898 (2005) ("By its 27-month calculation, the Court of Appeals appears not to have charged either party with the 5-month period following the mistrial. *Adams [I]*, 193 Or App at 472. By doing so, it gave no effect to the prosecutor's attempt to accelerate the retrial date, nor did it analyze the effect of defendant's objection to the request to speed up the retrial date."). Nevertheless, consistently with our approach, the Supreme Court determined that the relevant circumstances of that case spanned a period of 27 months.

[7] We note that, in *In re Clark*, 79 Or 325, 155 P 187 (1916), in determining that mandamus was not an available remedy, the Supreme Court examined a predecessor to ORS 135.747 and determined that it continued to apply even though "the petitioner [had been] twice brought to trial" and each of those trials had ended in a mistrial. *Id.* at 332. *In re Clark*, however, does not inform our understanding of the plain meaning of the term "brought to trial" as it is used in ORS 135.747. That is so because the Supreme Court decided that case at a time when the speedy trial statutes were understood to carry into effect the constitutional guarantee— and that understanding has since changed. *See State v. Johnson*, 339 Or 69, 78, 116 P3d 879 (2005) (noting that the speedy trial statutes "were associated, fairly early on, with the constitutional speedy trial guarantee"); *Emery*, 318 Or at 465-70 (describing the evolution of statutory and constitutional speedy trial protections); *State of Oregon v. Kuhnhausen*, 201 Or 478, 512-20, 272 P2d 225 (1954) (describing the evolution of the meaning of constitutional speedy trial protections in relation to the statutory protections).

Further, *In re Clark* does not even refer to, much less purport to construe, the term "brought to trial." Rather, the court in *In re Clark* merely referred in passing to the then-extant predecessor to ORS 135.747 without amplification or analysis. Finally, even if *In re Clark* could somehow be deemed to have held that, in the event of a mistrial a person has not been "brought to trial," that conclusion would be irreconcilable with the Supreme Court's subsequent analytic premise in *Adams II*.

speedy trial grounds. *Id.* at 138. We measured the pertinent delay from the date that the defendant was indicted to the date of his retrial, noting that "the state assume[d] that the time period between indictment and the mistrial is counted as a part of the total delay." *Id.* at 140 n 1. Ultimately, our determination that the total delay from indictment to retrial was reasonable obviated the need to decide precisely when the defendant had been brought to trial. *Id.*

In *Hampton*, the defendant's case was initially dismissed on the state's motion and the case was "reissued" on March 17, 1995. 152 Or App at 744. The defendant's April 12 trial ended in a mistrial. *Id.* The defendant's retrial was scheduled for June 1, 1995, and, before that date, he filed a motion to suppress evidence. *Id.* After the court decided the motion on January 2, 1997, defendant moved to dismiss on statutory and constitutional speedy trial grounds. *Id.* The court, accepting complete responsibility for the delay, dismissed the case on statutory speedy trial grounds but also noted that the case should be dismissed on constitutional grounds as well because the defendant had demonstrated prejudice. *Id.* Although we did not address the issue, our analysis of whether the delay occasioned while the motion to suppress was under advisement in the trial court was necessarily predicated on the assumption that, despite his mistrial in April 1995, the defendant had not yet been brought to trial. *Id.* at 745. Ultimately, we concluded that the delay occasioned while the defendant's motion to suppress was under advisement in the trial court was unreasonable and upheld the trial court's dismissal on statutory speedy trial grounds. *Id.* at 745-46.

Despite our inconsistent treatment concerning when a defendant is "brought to trial" for purposes of ORS 135.747, we now conclude that, consistently with the plain text of the statute and the Supreme Court's decision in *Adams II*, a defendant is brought to trial when the trial commences even if it ultimately ends in a mistrial. To the extent that we assumed to the contrary in *Cunningham*, we disavow that assumption here. Further, because our holding in *Hampton* was predicated on that erroneous assumption, we now overrule that case.

In light of that understanding of the statute, we proceed to determine whether defendant was "brought to trial within a reasonable period of time." In that regard, the Supreme Court in *State v. Glushko/Little*, 351 Or 297, 266 P3d 50 (2011), explained the two-step analysis. "First, we must determine the relevant amount of delay by subtracting from the total delay any periods of delay that defendant requested or consented to. Second, we then determine whether that delay is reasonable." *Id.* at 305.

Here, the total period of delay from the September 1, 2006, complaint to defendant's original trial on June 6, 2007, is approximately nine months or 278 days.[8] As noted, 253 Or App at 65, defendant is responsible for 50 days of that period. Thus, the delay attributable to the state is 228 days or approximately 7.5 months. Under any measure of analysis, that period of delay is reasonable. *See State v. Myers*, 225 Or App 666, 677, 202 P3d 238, *rev den*, 346 Or 184 (2009) (explaining that, in the early stages of the life of a case, "routine scheduling delays * * * are always present"). Accordingly, the trial court erred in dismissing this case on statutory speedy trial grounds.

Nevertheless, defendant's constitutional speedy trial protections remain.[9] As the Supreme Court explained in *State v. McDonnell*, 343 Or 557, 572, 176 P3d 1236 (2007), *cert den*, 555 US 904 (2008), a death penalty case, the

"[d]efendant's constitutional right to the administration of justice without delay is not extinguished upon the commencement of the original trial * * *, the return of the first jury's verdict, or the entry of the first judgment that sentenced defendant to death. Rather, the constitutional right extends to every component of the criminal prosecution,

---

[8] We need not decide the precise point at which defendant's June 6 trial commenced. *See Webster's* at 2439 (defining the term "trial" to include (a) "all proceedings from the time when the parties are called to try their cases in court" or (b) "such proceedings subsequent to swearing in a jury"). That is so because, as we noted in *Garner I*, 234 Or App at 488-89, the mistrial occurred during the state's opening argument after the jury was sworn.

[9] Specifically, Article I, section 10, provides, in part, that "justice shall be administered * * * without delay." The Sixth Amendment provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial[.]"

including the imposition of a sentence in accordance with applicable law.

"As this case illustrates, one or more appeals of a judgment imposing a sentence for criminal conduct can produce proceedings on remand to the trial court that aim to correct legal errors and ultimately lead to a final judgment that satisfies all pertinent requirements for the determination of guilt and the imposition of a lawful sentence. Properly viewed, an appeal is a component of the criminal justice system that, by correcting errors in the trial, permits the trial court on remand to proceed with trial with a correct understanding of the law and to enter a lawful judgment. Throughout the processes of a criminal trial, appeal, and any further trial proceedings on remand, the constitutional right to the administration of justice without delay applies."

Here, however, we need not address whether defendant's constitutional protections were violated. As we previously explained, 253 Or App at 68 n 3, the trial court rejected defendant's contention that the pretrial systemic delay compelled dismissal under the state and federal constitutions because defendant had failed to demonstrate the necessary prejudice. The trial court's ruling in that regard is not at issue on appeal.

In sum, defendant was "brought to trial" for purposes of ORS 135.747 in June 2007 even though that trial ultimately ended in a mistrial. Because the period within which he was brought to trial was reasonable, the trial court erred in granting his motion to dismiss on statutory speedy trial grounds. Accordingly, we must reverse and remand.

Reversed and remanded.