Submitted November 15, 2011, affirmed November 7, 2012

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KEANEN NEIL JOHNSON,
*Defendant-Appellant.*

Douglas County Circuit Court
05CV1811CC; A143731

290 P3d 305

Peter Gartlan, Chief Defender, and Zachary Lovett Mazer, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Stacey RJ Guise, Senior Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Brewer, Judge, and Egan, Judge pro tempore.

SERCOMBE, P. J.

## SERCOMBE, P. J.

This case concerns whether ORS 135.747, the statutory speedy trial provision, applies to a second trial in the same case. Defendant was convicted of misdemeanor driving under the influence of intoxicants, ORS 813.010, by a jury in a Douglas County justice court. He appealed the conviction to the circuit court, obtaining the right to a trial *de novo* on the criminal charge. Before the second trial, defendant twice moved for a dismissal of the case under ORS 135.747. The trial court denied both motions. Defendant was convicted again following a jury trial in circuit court. On appeal, defendant contends that the circuit court erred in failing to dismiss the case for unreasonable delay under ORS 135.747. We conclude that ORS 135.747 does not require dismissal of the case, because defendant was brought to trial within a reasonable period of time in justice court and the statute does not otherwise regulate the timing of the second trial in circuit court. Accordingly, we affirm.

Given our disposition of the case, the relevant facts are few in number. Following a single-vehicle accident, defendant was arrested on July 25, 2004, and charged with misdemeanor driving under the influence of intoxicants, ORS 813.010. On February 1, 2005, defendant was convicted of that charge by a jury in the Glendale Justice Court for Douglas County. After sentencing, defendant appealed the conviction to circuit court. *See* ORS 157.010 (providing that, "[i]n a criminal action in a justice court, * * * an appeal may be taken from a judgment of conviction to the circuit court for the county in which the judgment is given"). The effect of the appeal was to qualify the matter for retrial in the circuit court. *See* ORS 157.060 (appeal to circuit court from criminal conviction in justice court is "for trial upon the issue tried in the justice court").

The trial in the circuit court was delayed by a number of continuance requests by defendant and by defendant's change of counsel. Before the fifth trial date scheduled in the case (January 6, 2009), defendant moved for a dismissal under ORS 135.747. That statute provides:

> "If a defendant charged with a crime, whose trial has
> not been postponed upon the application of the defendant

or by the consent of the defendant, is not brought to trial within a reasonable period of time, the court shall order the accusatory instrument to be dismissed."

Under ORS 135.747, a court evaluates whether the unconsented delay between the accusatory instrument and trial is reasonable in light of the "attendant circumstances," including the reasons for the delay. *State v. Garcia / Jackson*, 207 Or App 438, 444, 142 P3d 501 (2006). Defendant argued that the speedy trial clock started with the receipt of his notice of appeal by the circuit court on April 22, 2005, and that there was a resulting unconsented delay of over 24 months.

On April 13, 2009, the court denied defendant's motion, reasoning that "the mandate of ORS 135.747 was satisfied" because defendant "was arraigned in the Glendale Justice Court on August 18, 2004, and he was provided a jury trial on February 1, 2005." The court alternatively noted that, if the statute regulated the time of the second trial, defendant "has been directly responsible for, or has consented to, almost all of the delay in bringing this matter to trial." Still later, defendant renewed his speedy trial motion on August 19, 2009. The court again denied the motion on August 26, 2009, the first day of trial. Defendant was convicted by a jury after a two-day trial. On appeal, defendant renews his contentions that ORS 135.747 requires that he be brought to trial in the circuit court proceedings within a reasonable period of time and that the period of unconsented delay before that trial was unreasonable as a matter of law.

The primary issue in this case is whether ORS 135.747 applies to a second trial in the same criminal proceeding, where the second trial is at the defendant's behest and for the purpose of vacating a lower court conviction. We determined in *State v. Garner*, 253 Or App 64, 289 P3d 351 (2012), that ORS 135.747 does not limit the time within which to bring a defendant to a second trial, after an initial trial results in a mistrial.

In *Garner*, the defendant's criminal charge was dismissed after a mistrial, the state appealed and obtained a reversal of the dismissal after a lengthy appellate process, the defendant's motion to dismiss under ORS 135.747 was

allowed, and the state appealed that dismissal. *Id.* at 65-68. We reversed, concluding that the defendant was "brought to trial" in a reasonable period of time under ORS 135.747 in the proceeding that resulted in the mistrial. The analysis began with the wording of ORS 135.747:

> "Our interpretive task begins with the text of the statute, giving 'words that have well-defined legal meanings those meanings.' *Fresk v. Kraemer*, 337 Or 513, 520, 99 P3d 282 (2004). In common legal parlance, a defendant is 'brought to trial' when 'the trial is commenced.' *Black's Law Dictionary* 242 (4th ed 1968). Thus, the literal command of the statute is satisfied when a defendant's trial is commenced even if that trial ultimately ends in a mistrial and the defendant is retried. Simply put, ORS 135.747 does not apply to retrials following a mistrial. To hold otherwise would require us to modify the text of the statute contrary to ORS 174.010, which provides, in part, that, '[i]n the construction of a statute, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted[.]' "

*Id.* at 69-70 (footnote omitted; brackets in *Garner*).

We concluded that this construction of ORS 135.747 was faithful to the purpose of the statute:

> "Moreover, that understanding of the statute is consistent with the statute's underlying purpose. In *State v. Emery*, 318 Or 460, 869 P2d 859 (1994), the court examined the text and context of ORS 135.747 as well as the evolution of the case law concerning statutory and constitutional speedy trial protections. The court concluded that the purpose of the statute is not to protect defendants from prejudicial delays—as does the guarantee in Article I, section 10, of the Oregon Constitution—but, rather, is to prevent cases from 'languishing in the criminal justice system' without 'prosecutorial action.' Once a trial has been commenced, a case is no longer languishing for purposes of ORS 135.747."

*Id.* at 70 (some citations omitted). The reasoning in *Garner* militates toward the conclusion that ORS 135.747 applies only to the scheduling of the justice court trial in this case and not to the timing of the second trial in circuit court.

That construction of ORS 135.747—that it only governs the commencement of a trial after issuance of a charging instrument—is consistent with the conclusion reached by the Oregon Supreme Court on an analogous issue in *State v. Dodson*, 226 Or 458, 360 P2d 782 (1961). In that case, the defendant was twice tried and convicted for misdemeanor driving under the influence of intoxicating liquor, first in district court, and then on the defendant's appeal for a new trial in circuit court. *Id.* at 459-60. The circuit court denied the defendant's motion to dismiss on statutory and constitutional speedy trial grounds, *id.* at 460, and that ruling was upheld on appeal, *id.* at 470. *Former* ORS 134.120 (1959), *renumbered as* ORS 135.747 (1973), the predecessor speedy trial statute to ORS 135.747 that applied in *Dodson*, was worded differently than the current law. That statute required dismissal of an "indictment" if the defendant was not brought to trial at the next term of court or within a reasonable period of time after having been "indicted for a crime."[1] The court found that *former* ORS 134.120 did not apply to limit pretrial delay in cases originating in district court because the prosecution was initiated by complaint and not indictment:

> "Since a criminal action in the justice's or district court cannot be commenced by indictment, but only by complaint (ORS 156.020, 156.610), the statute is without any application to prosecutions commenced in an inferior court. ORS 156.020, 156.610."

*Id.* at 465.[2] The court noted, however, that courts in other states construed speedy trial statutes in general to not

---

[1] The speedy trial statute in question was *former* ORS 134.120, both prior to and after its amendment by Oregon Laws 1959, chapter 638, section 16. The amended statute took effect in the middle of the pretrial delay in *Dodson*. Before its amendment, *former* ORS 134.120 had provided:

> "If a defendant indicted for a crime, whose trial has not been postponed upon his application or by his consent, is not brought to trial at the next term of the court in which the indictment is triable after it is found, the court shall order the indictment to be dismissed, unless good cause to the contrary is shown."

As amended, *former* ORS 134.120 provided:

> "If a defendant indicted for a crime, whose trial has not been postponed upon his application or by his consent, is not brought to trial within a reasonable period of time, the court shall order the indictment to be dismissed."

[2] In 1973, the legislature amended *former* ORS 134.120 to change the references to "indicted for a crime" to "charged with a crime," and "indictment"

apply "on appeal from a justice's court or a police court to a court of general jurisdiction, with a trial de novo." *Id.* at 464.

The court went on to conclude that any delay in obtaining a second trial in the case was a result of the defendant's failure to request a trial, and that the resulting delay was insufficient to require dismissal under the constitutional speedy trial provision, Article I, section 10, of the Oregon Constitution.[3] The court reasoned:

> "[W]e do hold that where the defendant has been accorded a speedy trial in a justice's court or a district court—as it must be presumed was the case here—and has been convicted and appeals to the circuit court the burden is upon him to prosecute his appeal with reasonable diligence. He is not in the same position as one brought into the circuit court in the first instance by the State to answer to a charge. On the contrary, he comes to that court with a judgment of conviction against him which he is seeking to have erased. It is true that he is entitled to a trial de novo, but '[i]t is not a new action, but simply a retrial of an action in an appellate court for the purpose, theoretically, of correcting errors of the inferior court.' *Nurse v. Justus*, 6 Or 75[, 1876 WL 1460 (1876)]. It is a proceeding in which the defendant, not the State, is the moving party, not in the sense, of course, that the defendant has a duty to prove his innocence, but in the sense that he must take affirmative steps as prescribed by statute to gain the opportunity to defend a second time against the charge of which he was previously convicted and will not be permitted to win an acquittal simply because of inaction by the State."

*Id.* at 466-67 (second brackets in *Dodson*).

As noted, *Emery* identified the "'housecleaning' mechanism" of ORS 135.747 as one that allows "dismissing cases that have been in the system too long without prosecutorial action," that is, as a regulation of *state* inaction in prosecuting cases. 318 Or at 466. That mechanism has less relevance to the appeal period that *Dodson* identifies as

---

to "accusatory instrument." Or Laws 1973, ch 836, § 204. *Former* ORS 134.120 was later recodified in that form as ORS 135.747. Because ORS 135.747 now regulates pretrial delay whenever a defendant is "charged with a crime," it applies to prosecutions in justice courts, notwithstanding *Dodson*.

[3] That provision provides, in part, that "justice shall be administered *** without delay."

one where the *defendant*—and not the state—is the "moving party." Thus, our construction of ORS 135.747—that it does not regulate the timing of a second trial obtained under ORS 157.010—is consistent with the purpose of the statute that was identified in *Emery*.

Defendant argues that ORS 53.090 requires the application of ORS 135.747 to criminal appeal proceedings in circuit court. ORS 53.090 is one of a series of statutes in ORS chapter 53 that apply to appeals to circuit court of civil judgments in justice court. We have construed ORS 53.090 to also regulate appeals of criminal judgments from justice courts.[4] After providing for filing of a transcript of the justice court proceedings in order to perfect an appeal, ORS 53.090 then provides that

> "*the action shall be deemed pending and for trial therein as if originally commenced in such court,* and the court shall have jurisdiction of the cause and shall proceed to hear, determine and try it anew, disregarding any irregularity or imperfection in matters of form which may have occurred in the proceedings in the justice court."

(Emphasis added.)

Defendant reasons that deeming an action "for trial [in the circuit court] as if originally commenced in such court" means that the "same procedures and statutory

---

[4] *See State v. Helleson,* 43 Or App 463, 602 P2d 1158 (1979) (applying ORS 53.090 to a criminal appeal to circuit court from a justice court without discussion). Most of the cases, however, that construe ORS 53.090 as applicable to criminal appeals from justice courts do so in the context of appeals from municipal courts. A defendant who has been convicted of a crime in municipal court "shall have the same right of appeal to the circuit court *** as now obtains from a conviction from justice courts." ORS 221.359(1). We have applied the procedures applicable to justice court criminal appeals to appeals from municipal court criminal convictions. In so doing, we have classified portions of ORS chapter 53, that otherwise apply to justice court civil appeals, as applicable to justice court criminal appeals, and thereby to municipal court appeals. *See City of Astoria v. Swehla,* 132 Or App 212, 888 P2d 22 (1994) (applying ORS 53.090 to municipal court appeal under justice court appeals procedures); *see also City of Milton-Freewater v. Ashley,* 214 Or App 526, 166 P3d 587 (2007) (ORS 53.030 applies to criminal appeal from a municipal court judgment when the municipal court exercises its authority as a justice court). The apparent rationale for applying civil appeal provisions to appeals in criminal actions is ORS 157.030. That statute provides that "[t]he appeal [of a justice court criminal conviction] is taken in the same manner and within the same time as in the case of an appeal from a judgment in a civil action, except that [different procedures for the notice of appeal and undertaking apply]."

controls therefore apply, including ORS 135.747, which would undoubtedly apply if the criminal action were 'originally commenced in' the circuit court."

That reading of the statute is broader than its text suggests. The phrase "as if originally commenced in such court" modifies the status of the "action" as "pending * * * for trial." We interpret the provision "as if originally commenced in such court" to pertain to the manner in which the case is tried and brought to judgment. *See State v. Stacey*, 25 Or App 97, 100, 548 P2d 527 (1976) (ORS 53.090 "means that the trial is conducted as if it were 'originally commenced' * * * in the circuit court"). The remaining portion of the sentence clarifies that this means that the circuit court is to "try it anew." We have consistently interpreted ORS 53.090 only to regulate the manner in which a circuit court *tries the case*. Thus, in *Stacey*, we construed the "originally commenced" text to mean that "prior [lower court] rulings are thus not binding on the circuit court." 25 Or App at 100; *see also State v. Knighten*, 236 Or 634, 637, 390 P2d 166 (1964) (construing "as if originally commenced in such court" under ORS 53.090 to mean that, "[o]nce the case has been tried in the circuit court the inadequacy of the procedures in the [lower court] are no longer material"). The effect of ORS 53.090 is that the "circuit court in reviewing *de novo* does not affirm, reverse or modify the judgment of the lower court but issues a new judgment in all respects." *State v. Lyman*, 30 Or App 955, 958, 569 P2d 39 (1977); *see also State v. Phillips*, 21 Or App 167, 172, 534 P2d 214 (1975) (ORS 53.090 "contemplates the receipt of evidence in circuit court not introduced below"). ORS 53.090 does not explicitly set policy on how a case is dismissed or *not tried*, and we are reluctant to read into the statute any implicit direction in that regard. We conclude that ORS 53.090 does not incorporate speedy trial statutes into the processing of circuit court retrials under ORS 157.030.

Having concluded that ORS 135.747 does not limit the scheduling of the second trial in this case, we readily conclude that defendant was brought to trial within a reasonable period of time. Defendant's trial in the Glendale Justice Court began six months after the filing of the information.

In sum, the case was brought to trial within a reasonable period of time under ORS 135.747. The statute does not otherwise limit the time during which a second trial in circuit court should occur.

Affirmed.