Argued and submitted November 15, 2011, affirmed December 5, 2012

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

AMIEL JOSE CONTRERAS,
*Defendant-Appellant.*

Crook County Circuit Court
MI070602; A143758

291 P3d 799

Lindsey K. Detweiler, Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Jennifer S. Lloyd, Attorney-in-Charge, Criminal Appeals, argued the cause for respondent. On the brief were John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Matthew J. Lysne, Assistant Attorney General.

Before Ortega, Presiding Judge, and Brewer, Judge, and Sercombe, Judge.

SERCOMBE, J.

**SERCOMBE, J.**

Defendant was convicted of misdemeanor driving under the influence of intoxicants (DUII), ORS 813.010, after his first trial on the charge resulted in a hung jury. He appeals the denial of his motion to dismiss the case under ORS 135.747, the statutory speedy trial provision. That motion was filed shortly before the second trial. We conclude that ORS 135.747 regulates only the timing of the first trial and that defendant waived any objection to the timeliness of that trial by failing to file a motion to dismiss before commencement of the trial proceedings. Accordingly, we affirm the trial court's denial of the motion to dismiss.

Only a statement of the bare chronology of the case is necessary to provide context for its resolution. Defendant was arrested for DUII on August 14, 2007. An information for that charge issued the next day. Trial was set for January 28, 2008. The trial date was postponed a number of times at the behest of the trial court, the state, and defendant. Defendant was brought to trial on May 20, 2009, but a mistrial was declared because the jury was unable to agree on a verdict. Ultimately, the trial was reset for October 7, 2009.

On September 30, 2009, defendant moved for dismissal under ORS 135.747. That statute provides:

> "If a defendant charged with a crime, whose trial has not been postponed upon the application of the defendant or by the consent of the defendant, is not brought to trial within a reasonable period of time, the court shall order the accusatory instrument to be dismissed."

Defendant argued that the nearly 26-month delay between the issuance of the information and the second trial date was largely attributable to the state and sufficiently unreasonable to warrant dismissal under ORS 135.747. The state remonstrated that the motion was "moot" since the dismissal was sought after defendant was tried.

The trial court concluded that 18.5 months of the delay were attributable to the state, *i.e.*, not sought or consented to by defendant, and assumed that the delay was unreasonable. The court denied the motion nonetheless under ORS 135.750, which provides:

"If the defendant is not proceeded against or tried, as provided in ORS 135.745 and 135.747, and sufficient reason therefor is shown, the court may order the action to be continued * * *."

The court ` reasoned that the delays were caused by reasonable circumstances—the hung jury, higher priority settings displacing the scheduled trial dates, and the unavailability of a witness due to a physical injury—and that those reasons were sufficient to continue the case.

On appeal, the parties reprise their contentions below. We conclude that the only relevant period of delay, for purposes of ORS 135.747, is the delay that preceded the first trial. We also agree with the state that the right to a statutory speedy trial is waived if the motion is not filed until after a defendant has already been brought to trial. Because defendant failed to object to the delay before the trial occurred, the trial court did not err in denying the motion.

We recently decided in *State v. Garner*, 253 Or App 64, 289 P3d 351 (2012), that ORS 135.747 does not limit the time within which to bring a defendant to a second trial, after an initial trial results in a mistrial. In *Garner*, the defendant's criminal charge was dismissed after a mistrial, the state appealed and obtained a reversal of the dismissal after a lengthy appellate process, the defendant's motion to dismiss under ORS 135.747 was allowed, and the state appealed that dismissal. *Id.* at 65-68. We reversed, concluding that the defendant was "brought to trial" in a reasonable period of time under ORS 135.747 in the proceeding that resulted in the mistrial. The analysis began with the wording of ORS 135.747:

"Our interpretive task begins with the text of the statute, giving 'words that have well-defined legal meanings those meanings.' *Fresh v. Kraemer*, 337 Or 513, 520, 99 P3d 282 (2004). In common legal parlance, a defendant is 'brought to trial' when 'the trial is commenced.' *Black's Law Dictionary* 242 (4th ed 1968). Thus, the literal command of the statute is satisfied when a defendant's trial is commenced even if that trial ultimately ends in a mistrial and the defendant is retried. Simply put, ORS 135.747 does not apply to retrials following a mistrial. To hold otherwise would require us

to modify the text of the statute contrary to ORS 174.010, which provides, in part, that, '[i]n the construction of a statute, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted[.]'"

*Id.* at 69-70 (footnote omitted; brackets in *Garner*).

We determined that this construction of ORS 135.747 was faithful to the purpose of the statute:

"Moreover, that understanding of the statute is consistent with the statute's underlying purpose. In *State v. Emery*, 318 Or 460, 869 P2d 859 (1994), the court examined the text and context of ORS 135.747 as well as the evolution of the case law concerning statutory and constitutional speedy trial protections. The court concluded that the purpose of the statute is not to protect defendants from prejudicial delays—as does the guarantee in Article I, section 10, of the Oregon Constitution—but, rather, is to prevent cases from 'languishing in the criminal justice system' without 'prosecutorial action.' Once a trial has been commenced, a case is no longer languishing for purposes of ORS 135.747."

*Id.* at 70 (some citations omitted); *see also State v. Johnson*, 253 Or App 392, 290 P3d 305 (2012) (applying *Garner* to a justice court trial that is appealed for a retrial in circuit court).

Under *Garner*, then, the state's obligation under ORS 135.747 to bring defendant to trial continued until the commencement of his trial. If defendant wished to contend that the case should be dismissed because the state failed to satisfy that obligation, he should have moved to do so before the state brought him to trial.

So the Supreme Court has ruled. In *Bevel v. Gladden*, 232 Or 578, 376 P2d 117 (1962), the court applied *former* ORS 134.120 (1959), *renumbered as* ORS 135.747 (1973), the comparably worded predecessor statute to ORS 135.747,[1] concluding that a failure to raise a statutory

---

[1] *Former* ORS 134.120 provided:

"If a defendant indicted for a crime, whose trial has not been postponed upon his application or by his consent, is not brought to trial within a reasonable period of time, the court shall order the indictment to be dismissed."

speedy trial motion before trial is a waiver of the right to obtain a dismissal of the charge:

> "We hold that when a criminal defendant, represented by counsel, chooses not to avail himself of a statutory procedure under which he might have obtained the dismissal of an indictment, such inaction amounts to a waiver of the question that might have been raised."

*Id.* at 583. This conclusion was repeated in *dictum* in *State v. Gardner*, 233 Or 252, 260, 377 P2d 919 (1963), where the court, citing to *Bevel*, commented that,

> "[a]mong other questions raised in the state's brief is, what would be the result if the motion to dismiss were filed after the jury was empaneled and the state was in the process of putting on its case. Although no such question is now involved, we think it not out of place to say that in those circumstances the defendant would have waived his right to dismissal for unreasonable delay in bringing him to trial."

*See also State v. Coon*, 41 Or App 569, 573-74, 599 P2d 1200 (1979) (applying same principle to find waiver of statutory dismissal rights for unreasonable preindictment delay); *cf. State v. Vawter*, 236 Or 85, 87-89, 386 P2d 915 (1963) (waiver of statutory speedy trial rights by failure to make speedy trial request under antecedent of ORS 135.760). Thus, defendant will not be permitted to submit to trial, only to argue later that the trial should never have occurred.

Given that defendant waived any right to object to the delay of his first trial and that ORS 135.747 does not apply to any further delay in the scheduling of defendant's second trial, the trial court did not err in denying defendant's motion to dismiss under ORS 135.747.

Affirmed.

---

The references to "indicted" and "indictment" were changed by the 1973 Legislative Assembly in order to broaden the application of the statute to include prosecutions commenced after a complaint or an information. Or Laws 1973, ch 836, § 204.